■ CHARLES ROSENZWEIG et al., Respondents, v 600 NORTH STREET, LLC, et al., Appellants. [826 NYS2d 680]—

In an action, inter alia, to recover damages for breach of a housing merchant implied warranty, the defendants appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered December 9, 2005, which granted the plaintiffs' motion pursuant to CPLR 306-b to extend the time to serve the defendants with a summons and complaint for 120 days from the date of the order.

Ordered that the order is affirmed, with costs.

In determining whether to grant an extension of time to serve a summons and complaint pursuant to CPLR 306-b, due diligence is only one factor to consider along with expiration of the statute of limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of the plaintiffs' request for the extension of time, and prejudice to the defendants (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]). Some factors favoring an extension are

timely service within the 120-day period allowed by CPLR 306-b which was later found to be defective and the fact the defendants had actual notice of the claim and/or of the action (*see Chiaro v D'Angelo*, 7 AD3d 746 [2004]; *Beauge v New York City Tr. Auth.*, 282 AD2d 416 [2001]). The determination of whether to grant the extension in the interest of justice is within the discretion of the motion court (*see Baione v Zambrano*, 22 AD3d 698, 699 [2005]).

In the instant case, service was in fact attempted within three days of filing of the summons and complaint on November 19, 2002. A hearing to determine the validity of service was held on July 29, 2005 after the defendants moved to dismiss the complaint on the basis of improper service. The facts adduced at the hearing indicate that the plaintiffs and the plaintiffs' process server had a reasonable belief that service was proper until the date of the hearing, when the defendants revealed that although the defendant Theodore Garfield was present at his place of business at the time that service was attempted at that location, the person served was his brother who worked at the same place of business. The evidence at the hearing also established that the defendants were evading service. Therefore, there was a reasonable explanation for the delay.

By the time the defect in service was established, the four-year statute of limitations for actions to recover damages pursuant to General Business Law § 777-a for breach of a housing merchant implied warranty had expired. However, the defendants were served with notices of the claim prior to the commencement of the action, and had notice of the action itself within 120 days of commencement of the action. Therefore their claim of prejudice is without merit.

The meritorious nature of the cause of action was previously established upon the plaintiffs' motion for leave to enter a default judgment (*see* CPLR 3215 [f]), which was conditionally granted by order dated March 31, 2004, "in the event service is sustained."

Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion pursuant to CPLR 306-b to extend the time to serve the defendants. Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur.