■ James DiBuono et al., Respondents, v Abbey, LLC, et al., Defendants, and Estate of Michael R. Crabtree, Appellant. (And a Third-Party Action.) [895 NYS2d 726]—

In an action, inter alia, to recover damages for injury to property, the defendant estate of Michael R. Crabtree appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 1, 2009, which denied its motion pursuant to CPLR 3211 (a) (5) and (8) to dismiss the complaint insofar as asserted against it and granted the plaintiffs' cross motion pursuant to CPLR 306-b to extend the time for service of the summons and complaint upon it in the interest of justice.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the motion of the defendant estate of Michael R. Crabtree (hereinafter the estate) to dismiss the complaint insofar as asserted against it and in granting the plaintiffs' cross motion pursuant to CPLR 306-b to extend the time for service of the summons and complaint upon the estate in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]; Rosenzweig v 600 N. St., LLC, 35 AD3d 705, 706 [2006]). Relevant factors in support of the extension included timely service which was later found to be defective, service upon the proper party within a reasonable time after learning of the defect, evidence of merit to the plaintiffs' claim, and lack of demonstrable prejudice to the estate in light of its actual notice of the plaintiffs' claim before the New York Environmental Protection and Spill Compensation Fund (see Rosenzweig v 600 N. St., LLC, 35 AD3d at 705-706; Scarabaggio v Olympia & York Estates Co., 278 AD2d 476, 476-477 [2000], affd sub nom. Leader v Maroney, Ponzini & Spencer, 97 NY2d 95 [2001]). Moreover, while the action was timely commenced by proper filing, the plaintiffs' claim against the estate would be extinguished without an extension since the statute of limitations expired between the time the summons and complaint were filed and the estate's administrator was properly served (see Abu-Aqlein v El-Jamal, 44 AD3d 884, 885 [2007]; Beauge v New York City Tr. Auth., 282 AD2d 416 [2001]). Accordingly, the record supports the Supreme Court's determination pursuant to

CPLR 306-b granting the plaintiffs an extension for service of process nunc pro tunc in the interest of justice and denying the estate's motion to dismiss the complaint insofar as asserted against it. Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur.