◼ LEROY OWENS, Respondent, v DEVENDER N. CHHABRA, Defendant, and ROBERT E. MINES III, Appellant. [897 NYS2d 912]—

In an action, inter alia, to recover damages for dental malpractice, the defendant Robert E. Mines III appeals from so much of an order of the Supreme Court, Queens County (Cullen, J.), entered February 6, 2009, as, after a hearing, denied his motion pursuant to CPLR 3211 (a) (8) to dismiss the amended complaint insofar as asserted against him for lack of personal jurisdiction and granted the plaintiff's cross motion pursuant to CPLR 306-b to extend his time to serve an amended summons and complaint upon the defendant Robert E. Mines III.

Ordered that the order is affirmed insofar as appealed from, with costs.

In determining whether to grant an extension of time to serve a summons and complaint pursuant to CPLR 306-b, due diligence is only one factor to consider along with expiration of the statute of limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of the plaintiff's request for the extension of time, and prejudice to the defendant (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]). Some factors favoring an extension are timely service within the 120-day period allowed by CPLR 306-b, which service is later found to be defective, and the fact that the defendant had actual notice of the claim and/or of the action (*see Rosenzweig v 600 N. St., LLC*, 35 AD3d 705, 705-706 [2006]; *Chiaro v D'Angelo*, 7 AD3d 746 [2004]). The determination of whether to grant the extension in the interest of justice is within the discretion of the motion court (*see Rosenzweig v 600 N. St., LLC*, 35 AD3d at 706).

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in granting the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve the appellant. A consideration of the relevant factors, as revealed in the record, supported the grant of such relief in the interest of justice (*see Abu-Aqlein v El-Jamal*, 44 AD3d 884, 884-885 [2007]).

The Supreme Court properly denied the appellant's motion pursuant to CPLR 3211 (a) (8) to dismiss the amended complaint insofar as asserted against him for lack of personal jurisdiction (*id.*). Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.