■ KEITH THOMPSON, Respondent, v CITY OF NEW YORK, Defendant, and STEPHEN BUONAVITA, Appellant. [933 NYS2d 701]—

The Supreme Court providently exercised its discretion in denying that branch of the motion of the defendant Stephen Buonavita (hereinafter the defendant) which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and granting that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant in the interest of justice (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]; *DiBuono v Abbey, LLC*, 71 AD3d 720 [2010]; *Rosenzweig v 600 N. St., LLC*, 35 AD3d 705, 706 [2006]). When deciding whether to grant an extension of time to serve a summons and complaint in the interest of justice, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the [potentially] meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 105-106; *see Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 31-32 [2009]). Here, the record established that the plaintiff exercised diligence by timely filing and twice attempting to serve the defendant with the summons and complaint pursuant to CPLR 308 (4) within the 120-day period following the filing of the summons and complaint, although those attempts to serve the defendant were ultimately deemed defective (*see DiBuono v Abbey, LLC*, 71 AD3d at 720; *Earle v Valente*, 302 AD2d 353, 354 [2003]). Moreover, if the Supreme Court did not grant an extension of time to the plaintiff to serve the summons and complaint, the statute of limitations would have barred the plaintiff's claims against the defendant, which the plaintiff demonstrated were potentially meritorious (*see DiBuono v Abbey, LLC*, 71 AD3d at 720; *Beauge v New York City Tr. Auth.*, 282 AD2d 416 [2001]; *Scarabaggio v Olympia & York Estates Co.*, 278 AD2d 476 [2000], *affd sub nom. Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95 [2001]). The plaintiff also demonstrated that he promptly cross-moved for an extension of time to serve the defendant, and there was no demonstrable prejudice to the defendant (*see DiBuono v Abbey, LLC*, 71 AD3d at 720). Rivera, J.P., Eng, Belen and Austin, JJ., concur.