In an action, inter alia, to recover damages for assault, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated July 19, 2011, as granted the plaintiff’s motion pursuant to CPLR 306-b to extend the time to serve the defendant with a summons and complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
A motion pursuant to CPLR 306-b to extend the time for service of a summons and complaint may be granted upon “good cause shown or in the interest of justice” (see Leader v Maroney, *1027 Ponzini & Spencer, 97 NY2d 95, 104-105 [2001]). The plaintiff failed to demonstrate that she exercised reasonably diligent efforts in attempting to effect proper service of process upon the defendant and, thus, did not establish “good cause” (CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104; Bumpus v New York City Tr. Auth., 66 AD3d 26, 32 [2009]; Kazimierski v New York Univ., 18 AD3d 820 [2005]; Busler v Corbett, 259 AD2d 13, 15 [1999]). Nevertheless, the Supreme Court providently exercised its discretion in granting the plaintiffs motion “in the interest of justice” (CPLR 306-b). In deciding whether to grant an extension of time to serve a summons and complaint in the interest of justice, “the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the [potentially] meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiffs request for the extension of time, and prejudice to defendant” (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Thompson v City of New York, 89 AD3d 1011, 1012 [2011]; Bumpus v New York City Tr. Auth., 66 AD3d at 32). Here, the plaintiff moved promptly for an extension after the defendant challenged the service on the ground that it was defective (see DiBuono v Abbey, LLC, 71 AD3d 720 [2010]; Bumpus v New York City Tr. Auth., 66 AD3d at 37). Furthermore, the statute of limitations had expired at the time the plaintiff made her motion, there was evidence of a potentially meritorious cause of action, and there was no demonstrable prejudice to the defendant (see Thompson v City of New York, 89 AD3d at 1012; DiBuono v Abbey, LLC, 71 AD3d 720 [2010]; Rosenzweig v 600 N. St., LLC, 35 AD3d 705, 706 [2006]). Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.