In an action to recover damages for personal injuries, etc., the defendant Michael Reilly, individually, appeals from so much of an order of the Supreme Court, Kings County (Ash, J.), dated November 30, 2011, as denied his motion pursuant to CFLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him, individually, for lack of personal jurisdiction and granted the plaintiffs’ cross motion pursuant to CFLR 306-b for leave to extend the time to serve him with copies of the summons and complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
The appellant correctly contends that the plaintiffs failed to establish that he was served at his “actual place of business” pursuant to CFLR 308 (2). A person’s “actual place of business” must be where the person is physically present with regularity, and that person must be shown to regularly transact business at that location (see Katz v Emmett, 226 AD2d 588, 589 [1996]; Bridgehampton Natl. Bank v Watermill Hgts. Assoc., 157 Misc 2d 246, 250 [1993]; Anon Realty Assoc. v Simmons *862 Stanley, 153 Misc 2d 954, 957 [1992]; DiGiuseppe v DiGiuseppe, 70 Misc 2d 188, 189 [1972]). Here, there was no showing that the appellant was physically present with regularity or regularly transacted business at the headquarters of the New York City Fire Department in Brooklyn where process was served (see Matter of Hennessey v DiCarlo, 21 AD3d 505, 506 [2005]; Jiminez v City of New York, 5 AD3d 182, 183 [2004]; Williams v City of New York, 2010 NY Slip Op 30022[U] [Sup Ct, NY County 2010]). Accordingly, the attempted service of the summons and complaint pursuant to CPLR 308 (2) was defective as a matter of law (see Munoz v Reyes, 40 AD3d 1059 [2007]; Rios v Zorrilla, 8 AD3d 463 [2004]).
The Supreme Court, however, providently exercised its discretion in granting the plaintiffs’ cross motion pursuant to CPLR 306-b for leave to extend the time to serve the appellant with copies of the summons and complaint in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]). Here, while the action was timely commenced, the statute of limitations had expired when the plaintiffs cross-moved for relief, the timely service of process was subsequently found to have been defective, and the appellant had actual notice of the action within 120 days of commencement of the action (see Rosenzweig v 600 N. St., LLC, 35 AD3d 705 [2006]; Chiaro v D’Angelo, 7 AD3d 746 [2004]; Beauge v New York City Tr. Auth., 282 AD2d 416 [2001]). Furthermore, the plaintiffs demonstrated a potentially meritorious cause of action, and there was no prejudice to the appellant attributable to the delay in service (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Rosenzweig v 600 N. St., LLC, 35 AD3d at 706). Rivera, J.E, Florio, Dickerson, Leventhal and Lott, JJ., concur.