In an action to recover damages for medical malpractice and lack of informed consent, the defendants appeal from an order of the Supreme Court, Queens County (O’Donoghue, J.), entered October 3, 2013, which denied their motion pursuant to CFLR 3211 (a) (5) and (8) to dismiss the complaint, inter alla, for lack *900 of personal jurisdiction and granted the plaintiffs cross motion pursuant to CPLR 306-b to extend the time to serve them with copies of the summons and complaint.
Ordered that the order is affirmed, with costs.
The plaintiff failed to establish that the defendants were properly served by mail pursuant to CPLR 312-a, since he failed to present any evidence that the acknowledgments of receipt in the form set forth in CPLR 312-a (d) were completed and mailed or delivered to his attorney (see CPLR 312-a [b]; Klein v Educational Loan Servicing, LLC, 71 AD3d 957, 958 [2010]; Bennett v Acosta, 68 AD3d 910, 911 [2009]; Horseman Antiques, Inc. v Huch, 50 AD3d 963, 964 [2008]). Furthermore, the plaintiff failed to establish that the defendants affirmatively waived an objection to personal jurisdiction either orally or by the letters of the defendants’ insurer mailed to the plaintiffs attorney before the defendants’ time to answer had expired, setting forth the liability coverage provided to the defendants (see Pendergrast v St. Mary’s Hosp., 156 AD2d 436, 437 [1989]). The defendants were not obligated to challenge the defective service at that time, but were free to thereafter raise their objection to personal jurisdiction by a motion to dismiss pursuant to CPLR 3211 (a) (8) or by setting it forth as a defense in their answer as provided for in CPLR 3211 (see CPLR 320 [b]; 3211 [e]; Frederic v Israel, 104 AD3d 909, 910 [2013]; Pendergrast v St. Mary’s Hosp., 156 AD2d at 437-438; Colbert v International Sec. Bur., 79 AD2d 448, 461 [1981]). Since the defendants moved to dismiss in accordance with CPLR 3211, any alleged informal appearance by the defendants did not constitute a waiver of the jurisdictional objection.
The Supreme Court, however, providently exercised its discretion in granting the plaintiffs cross motion pursuant to CPLR 306-b for leave to extend the time to serve the defendants with copies of the summons and complaint in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]). While the action was timely commenced, the statute of limitations had expired when the plaintiff cross-moved for relief, the timely service of process was subsequently found to have been defective, and the defendants had actual notice of the action within 120 days of its commencement (see Selmani v City of New York, 100 AD3d 861, 862 [2012]; Thompson v City of New York, 89 AD3d 1011, 1012 [2011]; Chiaro v D’Angelo, 7 AD3d 746 [2004]). Furthermore, the plaintiff promptly cross-moved for an extension of time to serve the defendants, and there was no identifiable prejudice to the defendants attributable to the delay in service (see Thompson v City of New York, 89 AD3d at 1012; DiBuono v Abbey, LLC, 71 AD3d 720 [2010]).
*901 Accordingly, the defendants’ motion to dismiss the complaint was properly denied and the plaintiffs cross motion for leave to extend the time to serve the defendants with copies of the summons and complaint was properly granted. Balkin, J.E, Lott, Roman and Miller, JJ., concur.