■ Soichi Kuwano, Respondent, v Vincent Linares, Appellant. [18 NYS3d 563]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered February 19, 2015, as granted the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant with a summons and complaint, in effect, denied the plaintiff's application for leave to serve the defendant's insurer, Countrywide Insurance Company, with a summons and complaint, and denied that branch of his cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

Ordered that the appeal from so much of the order as, in effect, denied the plaintiff's application for leave to serve the defendant's insurer, Countrywide Insurance Company, with a summons and complaint is dismissed, because the defendant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court providently exercised its discretion in granting the plaintiff's motion to extend the time to serve the defendant with copies of the summons and complaint in the interest of justice (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]). In support of the motion, the plaintiff's attorney adduced proof that he had a reasonable belief that service had been effectuated. In addition, the action was timely commenced and, although the statute of limitations had expired by the time that the plaintiff's motion was decided, it had not yet expired when the plaintiff moved for relief (*see Castillo v JFK Medport, Inc.*, 116 AD3d 899 [2014]; *Selmani v City of New York*, 100 AD3d 861, 862 [2012]; *Thompson v City of New York*, 89 AD3d 1011, 1012 [2011]). Furthermore, there was no demonstrable prejudice to the defendant attributable to the delay in service in light of the fact that he had received a letter from the plaintiff's attorney within 50 days after the subject accident which, inter alia, requested the defendant to immediately provide a copy of the letter to his insurance company, and the defendant had notice of the action prior to the expiration of the statute of limitations (*see Henneberry v Borstein*, 91 AD3d 493, 494 [2012]; *Chiaro v D'Angelo*, 7 AD3d 746 [2004]).

In light of our determination, that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction was properly denied. Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.