■ Eliot Jhang, Appellant, v Nassau University Medical Center, Respondent. [35 NYS3d 360]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Bruno, J.), entered June 10, 2015, which, upon an order of the same court (Bruno, J.), entered January 28, 2015, granting, after a hearing to determine the validity of service of process, that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction, and an order of the same court (Brandveen, J.), entered March 19, 2015, denying the plaintiff's motion, inter alia, pursuant to CPLR 306-b for leave to extend the time within which to serve the summons and complaint by 120 days, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by adding a provision thereto stating that the dismissal of the action shall be without prejudice to the re-serving of the summons and complaint within 120 days after service upon the plaintiff of a copy of this decision and order with notice of entry; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the plaintiff's motion which was pursuant to CPLR 306-b for leave to extend the time within which to serve the summons and complaint by 120 days is granted, and the order entered March 19, 2015, is modified accordingly.

After the plaintiff commenced this action, the defendant moved, inter alia, pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction. The Supreme Court granted that branch of the defendant's motion only to the extent of directing a hearing to determine the validity of service of process. After the hearing, the court determined that the defendant was not properly served with the summons and complaint pursuant to CPLR 311 (a). Thereafter, the plaintiff promptly moved, inter alia, pursuant to CPLR 306-b for leave to extend the time within which to serve the summons and complaint by 120 days. In an order entered January 28, 2015, the court granted that branch of the defendant's motion which was to dismiss the complaint for lack of personal jurisdiction, and in an order entered March 19, 2015, the court denied the plaintiff's motion.

The plaintiff contends that the Supreme Court erred in determining that the defendant was not validly served with the summons and complaint pursuant to CPLR 311 such that the court did not have jurisdiction over the defendant. In reviewing a determination made by a hearing court, the power of this Court is as broad as that of the hearing court, and this Court may render its own determination as warranted by the facts, taking into account that, in a close case, the hearing court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Prosolov v PSRS Realty, 128 AD3d 934 [2015]; Doubletree Hotel Tarrytown v Chacko, 115 AD3d 703, 704 [2014]; Bartow v Lugo, 66 AD3d 936, 937 [2009]). While there was conflicting hearing testimony as to whether or not the summons and complaint were personally delivered to an agent authorized to accept service on behalf of the defendant at the defendant's business address, the credibility determinations of the hearing court are entitled to great deference on appeal and will not be disturbed unless they are against the weight of the credible evidence (see Shaw Funding, L.P. v Samuel, 101 AD3d 1100 [2012]; King v Gil, 69 AD3d 678 [2010]; Yasuda Bank & Trust Co. [U.S.A.] v Oree, 233 AD2d 391 [1996]). Under the circumstances of this case, the court properly chose to discredit or disbelieve the testimony of the process server that he personally delivered the summons and complaint to the defendant's agent at the hospital where the subject incident occurred (see Washington Mut. Bank v Holt, 113 AD3d 755, 757 [2014]; Billings v Southside Hosp., 122 AD2d 101 [1986]; Feeney v Booth Mem. Med. Ctr., 109 AD2d 865 [1985]). The plaintiff's contention that the Supreme Court should have drawn an adverse inference with respect to a certain witness who did not testify at the hearing is unpreserved for appellate review (see Matter of Anthony R., 43 AD3d 939, 940 [2007]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction over the defendant.

However, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 306-b for leave to extend the time within which to serve the summons and complaint by 120 days (see CPLR 306-b; Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105 [2001]). Here, while the action was timely commenced, the statute of limitations had expired when the plaintiff moved for such relief, the timely service of process was subsequently found to have been defective, and the de-

fendant had actual notice of the action within 120 days of commencement of the action (see *Castillo v JFK Medport, Inc.*, 116 AD3d 899 [2014]; *Selmani v City of New York*, 100 AD3d 861, 862 [2012]; *Thompson v City of New York*, 89 AD3d 1011, 1012 [2011]; *DiBuono v Abbey, LLC*, 71 AD3d 720 [2010]; *Rosenzweig v 600 N. St., LLC*, 35 AD3d 705, 706 [2006]). Furthermore, the plaintiff demonstrated that he had a potentially meritorious cause of action, and there was no prejudice to the defendant attributable to the delay in service (see *Selmani v City of New York*, 100 AD3d at 862; *DiBuono v Abbey, LLC*, 71 AD3d at 720; *Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 37 [2009]; *Rosenzweig v 600 N. St., LLC*, 35 AD3d at 706). Rivera, J.P., Cohen, Maltese and LaSalle, JJ., concur.