Furze v Stapen (2018 NY Slip Op 03338)





Furze v Stapen


2018 NY Slip Op 03338


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-11316
 (Index No. 503464/15)

[*1]Mishelle Furze, respondent, 
v
Richard Stapen, etc., et al., defendants, Sandhya Nayak, etc., appellant.


Bartlett, McDonough & Monaghan, LLP, Mineola, NY (Robert Devine of counsel), for appellant.
Ross Legan Rosenberg Zelen & Flaks, LLP, New York, NY (Clifford F. Zelen of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Sandhya Nayak appeals from an order of the Supreme Court, Kings County (Laura L. Jacobson, J.), dated September 15, 2016. The order, insofar as appealed from, granted the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Sandhya Nayak.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 25, 2015, the plaintiff filed a summons and complaint against, among others, the defendants First Medcare, Inc. (hereinafter First Medcare), Jorge R. Orellana, and Sandhya Nayak, to recover damages for medical malpractice, negligent hiring and supervision, and lack of informed consent. An affidavit of service evidencing that Nayak was served pursuant to CPLR 308(2) at her usual place of abode was filed with the Kings County clerk on April 16, 2015. An additional copy of the summons and complaint was sent via certified mail to Nayak at the address of First Medcare, and the return receipt therefor was signed on or about June 22, 2015. When Nayak failed to appear or answer the complaint, the plaintiff informed First Medcare and Orellana, both of whom had answered, of Nayak's default and requested that they notify Nayak's insurance carrier of this action. Thereafter, Nayak served an answer dated August 20, 2015, and, by motion dated October 13, 2015, moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of jurisdiction. By papers dated November 2, 2015, the plaintiff cross-moved pursuant to CPLR 306-b to extend the time to serve Nayak. The Supreme Court determined, after a hearing to determine the validity of service, that service of process was defective and, inter alia, granted the plaintiff's cross motion to extend the time to serve Nayak. Nayak appeals.
Pursuant to CPLR 306-b, service of process was to be effected upon Nayak within 120 days of filing of the summons and complaint, which period expired on July 23, 2015. It is undisputed that the alleged medical malpractice occurred on January 23, 2013. Thus, the applicable 2½-year statute of limitations also expired on July 23, 2015 (see CPLR 214-a).
The plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve [*2]Nayak with the summons and complaint was properly granted in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106). When deciding whether to grant an extension of time to serve a summons and complaint in the interest of justice, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the [potentially] meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (id. at 105-106; see Bumpus v New York City Tr. Auth., 66 AD3d 26, 31-32). Here, the record established that the plaintiff exercised diligence in timely filing, and in attempting to serve Nayak and notify Nayak and her insurance carrier of the summons and complaint within the 120-day period following the filing of the summons and complaint, although the attempt to serve Nayak was ultimately deemed defective (see Thompson v City of New York, 89 AD3d 1011, 1012). While the action was timely commenced, the statute of limitations had expired when the plaintiff cross-moved for relief, the plaintiff promptly cross-moved for an extension of time to serve Nayak, and there was no identifiable prejudice to Nayak attributable to the delay in service (see Castillo v JFK Medport, Inc., 116 AD3d 899; Selmani v City of New York, 100 AD3d 861, 862; Thompson v City of New York, 89 AD3d at 1012; DiBuono v Abbey, LLC, 71 AD3d 720; Scarabaggio v Olympia & York Estates Co., 278 AD2d 476, affd 97 NY2d 95).
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court