Estate of Fernandez v Wyckoff Hgts. Med. Ctr. (2018 NY Slip Op 04306)





Estate of Fernandez v Wyckoff Hgts. Med. Ctr.


2018 NY Slip Op 04306


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-03987
 (Index No. 9090/15)

[*1]Estate of Jerry Fernandez by Carol Salsbury, Executrix, respondent, 
v
Wyckoff Heights Medical Center, et al., defendants, Samii Mohsen, etc., appellant.


Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell and Rebecca A. Barrett of counsel), for appellant.
Abbott Bushlow & Schechner, LLP, Ridgewood, NY (Bruce E. Bushlow and Matthew A. Kaplan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the defendant Samii Mohsen appeals from an order of the Supreme Court, Kings County (Gloria Dabiri, J.), dated January 29, 2016. The order denied the motion of the defendant Samii Mohsen to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and granted the plaintiff's cross motion for an extension of time to serve the summons and complaint upon Samii Mohsen.
ORDERED that the order is affirmed, with costs.
The plaintiff's decedent received treatment at Wyckoff Heights Medical Center (hereinafter Wyckoff) from March 10, 2013, through March 14, 2013, and he died on June 14, 2014. It is alleged that on March 11, 2013, while the decedent was at Wyckoff, the defendant Samii Mohsen (hereinafter the appellant), a physician who worked in the Department of Medical Imaging, failed to properly interpret X rays, CT scans, and ultrasound tests of the decedent's kidney. On July 21, 2015, the plaintiff commenced this action to recover damages for medical malpractice and wrongful death. According to an affidavit of service, the appellant was served at Wyckoff on August 5, 2015, despite the fact that he had retired from his position at Wyckoff on January 30, 2015. The appellant answered the complaint and raised lack of personal jurisdiction as an affirmative defense.
On November 23, 2015, the appellant moved pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The plaintiff cross-moved pursuant to CPLR 306-b for an extension of time to serve the summons and complaint upon the appellant. The Supreme Court denied the appellant's motion and granted the plaintiff's cross motion, and this appeal ensued.
"An extension of time for service is a matter within the court's discretion" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101). Such a motion may be granted upon "good cause [*2]shown or in the interest of justice" (CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104-105). " Good cause' and interest of justice' are two separate and independent statutory standards" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31).
Contrary to the plaintiff's contention, an attempt at service that later proves defective cannot be the basis for a "good cause" extension of time to serve process pursuant to CPLR 306-b (see Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787-788; Wilbyfont v New York Presbyt. Hosp., 131 AD3d 605, 607). However, the more flexible "interest of justice" standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). Indeed, the court may consider diligence or lack thereof, along with any other relevant factor, in making its determination, including expiration of the statute of limitations, the potentially meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant (see id. at 105-106; Chan v Zoubarev, 157 AD3d 851; Umana v Sofola, 149 AD3d 1138, 1138-1140; Moundrakis v Dellis, 96 AD3d 1026, 1027; Thompson v City of New York, 89 AD3d 1011, 1012).
Here, several factors weighed in favor of granting the plaintiff's cross motion. The action was timely commenced, and the statute of limitations with respect to one of the two causes of action had expired when the plaintiff cross-moved for relief (see Chan v Zoubarev, 157 AD3d 851; Selmani v City of New York, 100 AD3d 861, 862; Thompson v City of New York, 89 AD3d at 1012; Chiaro v D'Angelo, 7 AD3d 746). The appellant also had actual notice of this action within 120 days after its commencement (see Chan v Zoubarev, 157 AD3d 851; Castillo v JFK Medport, Inc., 116 AD3d 899; Selmani v City of New York, 100 AD3d at 862; Thompson v City of New York, 89 AD3d at 1012). Furthermore, an extension of time to serve the summons and complaint under CPLR 306-b in the interest of justice is available where, as here, "service is timely made within the 120-day period but is subsequently found to have been defective" (Earle v Valente, 302 AD2d 353, 354; see Chan v Zoubarev, 157 AD3d 851; Citron v Schlossberg, 282 AD2d 642). Finally, we note that whether a plaintiff has demonstrated that he or she has a potentially meritorious cause of action is but one factor to be considered by a court in determining a CPLR 306-b motion (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
Accordingly, the Supreme Court providently exercised its discretion in denying the appellant's motion and in granting, in the interest of justice, the plaintiff's cross motion to extend the time to serve the summons and complaint upon the appellant (see CPLR 306-b; Leader v Maroney, Ponzini & Spencer, 97 NY2d 95).
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court