Chandler v Osadln, Inc. (2020 NY Slip Op 02057)





Chandler v Osadln, Inc.


2020 NY Slip Op 02057


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-15178
 (Index No. 501096/18)

[*1]Mark Chandler, respondent,
v
Osadln, Inc., et al., appellants.


Nancy L. Isserlis (Saretsky Katz & Dranoff, LLP, New York, NY [Ashley S. Rajakaruna], of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated December 12, 2018. The order denied the defendants' motion pursuant to CPLR 214(5), 306-b, and 308 to dismiss the complaint insofar as asserted against the defendant Joseph Bent, and granted the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Joseph Bent.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendants Osadln, Inc., and Joseph Bent to recover damages for personal injuries by filing of a summons and complaint on January 18, 2018, just days prior to the expiration of the statute of limitations. Bent was purportedly served on February 20, 2018, pursuant to CPLR 308(2) by delivery to a person of suitable age and discretion, and on February 22, 2018, by mail at a location in Brooklyn. The defendants moved to dismiss the complaint insofar as asserted against Bent. The defendants contended that Bent was not properly served, as he never resided at the address where service was attempted, and that the plaintiff's failure to serve Bent within 120 days after commencement of the action warranted dismissal of the action. The plaintiff, not disputing Bent's contention that the purported service upon him was ineffective, cross-moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Bent. The Supreme Court denied the defendants' motion and granted the plaintiff's cross motion. The defendants appeal, contending that the court should not have granted an extension to make service and should have directed dismissal of the complaint. We affirm.
Service of process must generally be made within 120 days after commencement of the action (see CPLR 306-b). If service is not made within the time provided, the court, upon motion, must dismiss the action without prejudice, or "upon good cause shown or in the interest of justice, extend the time for service" (id.). "An extension of time for service is a matter within the court's discretion" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101). " Good cause' and interest of justice' are two separate and independent statutory standards" (Bumpus v New York City Tr., Auth., 66 AD3d 26, 31).
Here, the plaintiff failed to establish that he exercised reasonably diligent efforts in attempting to effect proper service of process upon Bent and, thus, failed to show "good cause" for an extension (Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787 [internal quotation marks omitted]). Thus, the issue becomes whether an extension was warranted on the basis of the "interests of justice." When deciding whether to grant an extension of time to serve a summons and [*2]complaint in the interest of justice, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the [potentially] meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Thompson v City of New York, 89 AD3d 1011, 1012; Bumpus v New York City Tr. Auth., 66 AD3d at 31-32).
Here, the record establishes that the plaintiff attempted service in a timely manner, although that service was defective (see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 744; Chan v Zoubarev, 157 AD3d 851, 852; Thompson v City of New York, 89 AD3d at 1012). Bent gained actual notice of this action within 120 days after its commencement, Bent did not show that his ability to defend the action was prejudiced in any demonstrable way by the delay in service, and the statute of limitations had expired (see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 744; Chan v Zoubarev, 157 AD3d at 852; Thompson v City of New York, 89 AD3d at 1012). Although the plaintiff did not seek an extension until after the defendants moved to dismiss the complaint against Bent, the defendants' answer asserted that service was improper only in a conclusory manner and the plaintiff was not informed of the specific reasons for invalidating service until the defendants made their motion. On the other hand, the plaintiff failed to submit sufficient evidence to demonstrate that he had a potentially meritorious cause of action.
Bearing in mind all of the factors relevant to the determination of a CPLR 306-b motion (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 744), we conclude that the Supreme Court providently exercised its discretion in granting the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to effect service upon Bent, as an extension was warranted in the interest of justice (see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 744; Chan v Zoubarev, 157 AD3d at 852).
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court