Bayview Loan Servicing, LLC v Tanvir H. Chaudhury (2020 NY Slip Op 07021)





Bayview Loan Servicing, LLC v Tanvir H. Chaudhury


2020 NY Slip Op 07021


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2019-01907
 (Index No. 24521/09)

[*1]Bayview Loan Servicing, LLC, appellant,
v
Tanvir H. Chaudhury, et al., respondents, et al., defendants.


Akerman LLP, New York, NY (Ashley S. Miller and Jordan M. Smith of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered January 14, 2019. The order denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants Tanvir H. Chaudhury and Farhana Azam.
ORDERED that the order is reversed, on the law and in the exercise of discretion, the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants Tanvir H. Chaudhury and Farhana Azam is granted, and so much of an order entered March 5, 2018, as granted that branch of the motion of the defendants Tanvir H. Chaudhury and Farhana Azam which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction is vacated; and it is further,
ORDERED that the plaintiff's time to serve the summons and complaint upon the defendants Tanvir H. Chaudhury and Farhana Azam is extended until 120 days after the date of service upon the plaintiff of a copy of this decision and order; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against, among others, the defendants Tanvir H. Chaudhury and Farhana Azam (hereinafter together the defendants) to foreclose a mortgage on real property located in Queens. The defendants did not answer or appear in the action. An order of reference, entered October 15, 2010, and a judgment of foreclosure and sale, entered June 15, 2016, were issued on default.
The defendants thereafter moved, inter alia, pursuant to CPLR 5015(a) to vacate the order and judgment entered upon their default, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. After a hearing to determine the validity of service of process, the Supreme Court, by order entered March 5, 2018, granted those branches of the defendants' motion. However, no judgment dismissing the complaint on the ground of lack of personal jurisdiction was entered. The plaintiff thereafter moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants. By [*2]order entered January 14, 2019, the court denied the motion. The plaintiff appeals.
Contrary to the Supreme Court's conclusion, since no judgment had been entered dismissing the action, the action was still pending at the time the plaintiff moved pursuant to CPLR 306-b to extend the time for service, and the plaintiff was not foreclosed from seeking that relief (see State of New York Mtge. Agency v Braun, 182 AD3d 63; US Bank N.A. v Saintus, 153 AD3d 1380, 1382; Cooke-Garrett v Hoque, 109 AD3d 457). Although the court did not address the merits of the plaintiff's motion, we deem it appropriate to do so in the interest of judicial economy (see Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d 820, 822).
"Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time within which to effect service for good cause shown or in the interest of justice" (State of New York Mtge. Agency v Braun, 182 AD3d at 66; see CPLR 306-b). Where, as here, a plaintiff does not establish "good cause" (see Chandler v Osadln, Inc., 181 AD3d 897), "courts must consider the broader interest of justice standard of CPLR 306-b" (State of New York Mtge. Agency v Braun, 182 AD3d at 66). In applying that standard, "'the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant'" (id. at 66-67, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106).
In the present case, an extension of time was warranted in the interest of justice. The plaintiff demonstrated that a potentially meritorious cause of action existed, that while it timely commenced this action, the statute of limitations had expired by the time it moved to extend the time for service, and that there was no demonstrable prejudice to the defendants as a consequence of the delay in service (see State of New York Mtge. Agency v Braun, 182 AD3d at 67; BAC Home Loans Servicing, L.P. v Herbst, 180 AD3d 980, 981-982; JPMorgan Chase Bank, N.A. v Kothary, 178 AD3d 791, 793). Moreover, as the interest of justice standard permits consideration of "any other relevant factor" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105), this Court may consider the fact that the process server failed to comply with a subpoena to appear and give testimony at the hearing to determine the validity of service of process, thereby hampering the plaintiff's ability to meet its burden of proof at that hearing (see State of New York Mtge. Agency v Braun, 182 AD3d at 67). Accordingly, the Supreme Court should have granted the plaintiff's motion and vacated so much of the order entered March 5, 2018, as granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court