## Deutsche Bank Natl. Trust Co. v Birnbaum

2022 NY Slip Op 34798(U)

October 8, 2024

Supreme Court, Kings County

Docket Number: Index No. 512815/2021

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 30th day of November, 2022.

P R E S E N T:

HON. CENCERIA P. EDWARDS, C.P.A.,

Justice.

------------------------------------------------------------------------

X

Deutsche Bank National Trust Company, as Trustee for Mogan Stanley ABS Capital I Inc. Trust 2006-NC3,

Plaintiff(s),

-against-

Toby Birnbaum a/k/a Toby H. Birnbaum, as Executrix, Heir, and Distributee of The Estate of Mark B. Fisher, et. al,

Defendant(s).

----------------------------------------------------------------------X

| | |
|---|---|
| **ORDER** | |
| Calendar #(s): | 10 and 11 |
| Index #: | 512815/2021 |
| Mot. Seq. #(s): | 1 and 2 |

| The following e-filed papers read herein: | NYSCEF Doc. Nos.: |
|---|---|
| | *[Seq. #1; Seq. #2]* |
| Notice of Motion, Affidavits (Affirmations) and Exhibits _____ | 32-36; 40-52 |
| Opposing Affidavits (Affirmations) and Exhibits _____ | 42; 58[1] |
| Reply Affidavits (Affirmations) and Exhibits _____ | 59-60 |

This is an action to foreclose on the mortgage encumbering the residential real property at 751 Bushwick Avenue, Brooklyn, NY. Defendant Toby Birnbaum a/k/a Toby H. Birnbaum, as Executrix, Heir, and Distributee of the Estate of Mark B. Fisher ("Defendant") e-filed this notice of motion, on November 3, 2021, to dismiss the action pursuant to CPLR § 3211 (a)(8) alleging Plaintiff failed to acquire personal jurisdiction pursuant to CPLR 308(4). Plaintiff opposes and separately moves for an order, on November 24, 2021, extending its time to serve the summons and complaint upon Defendant Birnbaum, pursuant to CPLR § 306-b.

---

[1] Defendant's e-filed opposition to Plaintiff's motion was for an entirely different action. The Court did not consider the corrected opposition, e-filed without leave, months after these motions were fully submitted.

[* 1]

## Procedural History

Plaintiff commenced this action on May 27, 2021, alleging that decedent-mortgagor Mark B. Fisher ("Fisher"), who died on December 3, 2011, breached his obligations on the subject note and mortgage by failing to make the monthly installment payments, commencing with the payment due October 1, 2011, and the principal now due and owing to Plaintiff is $408,380.96.

On September 8, 2021, Defendant, Tory Birnbaum, e-filed her answer with defenses, including lack of personal jurisdiction, and on November 3, 2021, she made the instant motion to dismiss the complaint pursuant to CPLR § 3211 (a)(8).

Plaintiff alleged service of process upon Defendant pursuant to CPLR § 308 (4) and Plaintiff's process server, Yehia Kozmol, avers that after several attempts at service, he taped the summons, complaint, and other relevant papers ("the papers") to the door of Defendant's residence at 1014 East 22nd Street, Brooklyn, NY, 11210, on July 20, 2021 (Tuesday) at 7:34 p.m. (*see* NYSCEF Doc. #26). Kozmol also avers that he confirmed Defendant's residence with a neighbor and that his office ran a search to determine Defendant's place of business but was unsuccessful.

In opposition, Defendant submits affidavits from herself and her neighbor, specifically, denying that process server Kozmol taped any papers to her door or spoke to her neighbor (*see* NYSCEF Doc. #s 34 and 35).

"Service of process upon a natural person must be made in strict compliance with statutory methods of service pursuant to CPLR § 308" (*Niebling v Pioreck*, 222 AD3d 873, 874 [2d Dept 2023]). As pertinent here,

> "Service pursuant to CPLR 308 (4), commonly known as 'nail and mail' service [] is effected 'by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person . . . at his or her actual place of business'" (*Estate of Waterman v Jones*, 46 AD3d 63, 65-66 [2d Dept 2007] [ellipses in original], quoting CPLR § 308 [4]).

"Affix and mail service pursuant to CPLR § 308 (4) is only valid where service under CPLR § 308 (1) by personal delivery or CPLR § 308 (2) by delivery to a person of suitable age and discretion 'cannot be made with due diligence'" (*Faruk v Dawn*, 162 AD3d 744, 745 [2d Dept 2018], quoting CPLR § 308 [4]). The due diligence requirement of CPLR § 308(4) must be strictly complied with, given the reduced likelihood that a summons affixed to a door is less likely to be received (*Matter of Ferrera v Serrano*, 189 AD3d 1230, 1231 [2d Dept 2020]).

2

[* 2]

Defendant successfully challenges the sufficiency of process server Kozmol's attempts to serve her at her residence before affixing the papers to her door. Based upon review of Plaintiff's process server's affidavit of service, Defendant and Defendant's witness sworn statements, the Court agrees with Defendant that Plaintiff's process server failed to exercise due diligence. Kozmol attempted to serve Defendant at her home on June 8, 2021 (Tuesday) at 9:17 a.m.; June 18, 2021 (Friday) at 7:53 a.m.; and June 28, 2021 (Monday) at 9:54 a.m.; thereafter, affixing the papers to the door on July 20, 2021 (Tuesday) at 7:34 p.m. These prior attempts at service lack "quality" efforts to serve Defendant as they were made on weekdays, during business hours when Defendant could reasonably be expected to be in transit to/from work, and not at home, and as such do not constitute the due diligence required to properly effectuate service of process (*see Ramirez v Escobar*, 228 AD3d 791, 792 [2d Dept 2024]; *Fed. Natl. Mtge. Assn. v Castoldi*, 187 AD3d 988, 990 [2d Dept 2020]); *Coley v Gonzalez*, 170 AD3d 1107, 1108 [2d Dept 2019]).

Also, the record does not demonstrate any evidence of genuine inquiries about Defendant's whereabouts or place of employment. Kozmol's statement that his office performed a search of Defendant's place of employment, with no documentary proofs submitted, does not verify the process server's duty to make "genuine inquiries in Defendant's place of employment" (*Niebling*, 222 AD3d at 875).

In conclusion, the Court finds that the process server improperly resorted to nail and mail service without performing the requisite due diligence. "Under these circumstances, the attempted service of the summons and complaint pursuant to CPLR § 308 (4) was defective as a matter of law" (*Gurevitch v Goodman*, 269 AD2d 355, 355-356 [2d Dept 2000]).

**Plaintiff's Motion to Extend its Time to Serve**

Plaintiff, in response to Defendant's motion to dismiss the action, requests an extension of time to serve Defendant via certified mail to Defendant's counsel, pursuant to CPLR §§ 306-b and 308(5). CPLR § 306-b provides, "[i]f service is not made upon a defendant within [120 days from the date an action is commenced], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the

3

time for service". "[W]hile 'good cause' requires a showing of reasonable diligence, 'the interest of justice' has a broader scope, which can encompass late service due to 'mistake, confusion or oversight, so long as there is no prejudice to the defendant'" (*Matter of Baumann & Sons Buses, Inc. v. Ossining Union Free Sch. Dist.*, 121 AD3d 1110, 1113 [2d Dept 2014]). quoting *Leader v. Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]).

Though this Court has determined that Plaintiff failed to exercise due diligence in its attempts to acquire personal service over Defendant and, as such, is not entitled to an extension of time to serve Defendant under CPLR § 306-b for "good cause shown", this Court grants Plaintiff's request to extend its time to serve Defendant in "the interest of justice" (*see PNC Bank, N.A. v Sarfaty*, 225 AD3d 721, 722-723 [2d Dept 2024]).

Where a movant fails to satisfy the "good cause" standard this Court is obliged to examine Plaintiff's arguments and the record to determine whether Plaintiff has satisfied the "interest of justice" standard of CPLR 306-b (*see Emigrant Bank v Estate of Robinson,* 144 AD3d 1084, 1085-1086 [2d Dept 2016]); *Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 32 [2d Dept 2009]). The trial court has discretion whether to grant the extension of time in the interest of justice (*see Leader*, 97 NY2d at 101; *Rosenzweig v 600 N. St., LLC*, 35 AD3d 705, 706 [2d Dept 2006]), and must weigh the relevant factors generally considered, including but not limited to: plaintiff's due diligence or lack thereof in its attempts at service, plaintiff's diligent prosecution of the action, defendant's actual notice of the action, the existence of a potentially meritorious claim, expiration of the statute of limitations, and prejudice to the defendant as a consequence of the delay in service (*see Wells Fargo Bank, N.A. v Boakye-Yiadom*, 213 AD3d 976, 978 [2d Dept 2023]). And in considering the "interest of justice" standard with "careful" judicial analysis of the facts and a balancing of the competing interests presented by the parties, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter (*see LaSalle Bank, NA v. Ferrari,* 210 AD3d 976, 978 [2d Dept 2022]).

Despite Plaintiff's failure to satisfy the due diligence requirement in its attempts to serve the summons and complaint upon Defendant under CPLR § 308(4), herein, the record demonstrates that Plaintiff has been diligent in the prosecution of this action, as it filed the

4

[* 4]

summons and complaint on May 27, 2021 (*see* NYSCEF Doc. #1) and served Defendant shortly thereafter, with its proof of service upon Defendant filed on July 27, 2021 (*see* NYSCEF Doc. #26), within 2 months of filing the summons and complaint pursuant to CPLR § 306-b, albeit improper service. Also, Plaintiff promptly replied to Defendant's answer and counter claims filed September 8, within three weeks of its receipt on September 27, 2021 (*see* NYSCEF Doc. #30). Importantly, in response to Defendant's challenge to whether proper service of the summons and complaint had been effectuated, Plaintiff promptly filed its notice of motion (mot. seq. #2) to extend its time to serve the summons and complaint on November 24, 2021 (*see* NYSCEF Doc. #40) in response to Defendant's motion to dismiss the action, filed November 3, 2021 (*see* NYSCEF Doc. #32), and within four months after service of the summons and complaint upon Defendant was thought complete on July 27, 2021. Thus, Plaintiff's filing of the summons and complaint, with timely filing of the affidavit of services upon all Defendants, its immediate reply to Defendant's counterclaims and Defendant's motion to dismiss, and its own prompt filing of this notice of motion to extend its time to serve, exemplifies Plaintiff's diligent and swift prosecution of this action and brief delay in service (*see Deutsche Bank Natl. Trust Co. v Bandalos*, 173 AD3d 1136, 1138 [2d Dept 2019]; *Dhuler v ELRAC, Inc.*, 118 AD3d 937, 939 [2d Dept 2014]).

Defendant became aware of the action ("actual notice"), at the latest, September 6, 2021, the date her attorney signed the answer (*see* NYSCEF Doc. #28) or the earliest date of July 20, 2021, when the papers were affixed to her door (*see* NYSCEF Doc. #26). Plaintiff's process server mailed the summons and complaint to Defendant's personal residence on July 23, 2021 (*see id.*) and in her affidavit, Defendant denies receiving the summons and complaint via mail (*see* NYSCEF Doc. #34, ¶4); though the record reflects Plaintiff mailed an additional copy of the summons to Defendant via first-class mail on July 22, 2021 pursuant to CPLR § 3215 (g) (*see* NYSCEF Doc. #27). She further avers, and interestingly paraphrases in legal jargon, "that all attempts to serve me were made during normal business hours and no effort was made to serve me during the evening when I am home" (*see* NYSCEF Doc. #34, ¶7). She further states no papers were affixed to her door, despite averring she is home during the evening when the process server alleged, he affixed the papers to Defendant's door during the evening of July 20, 2021 (Tuesday) at 7:34 p.m. The Court notes Defendant confirms she resided at the premises served yet, as Plaintiff argued, she does not state where she was, at work or otherwise, during the three prior attempts at service. Defendant does not state how she learned of the action – leading the Court to

5

[* 5]

ponder whether she learned of the action as early as July 20, 2021, when the papers were affixed to the door or when she served and filed an answer followed by the instant motion herein on September 8, 2021. Nevertheless, it is well documented that Defendant had actual notice of the action since she filed her answer within 120 days of Plaintiff filing the summons and complaint and within six weeks or so of the service of the summons and complaint upon her (*see Chan v Zoubarev*, 157 AD3d 851, 852 [2d Dept 2018]).

Moreover, the record sufficiently demonstrates proof of Plaintiff's meritorious claim - Plaintiff has submitted the note and allonge (*see* NYSCEF Doc. #s 4 and 5), and a certificate of merit (*see* NYSCEF Doc. #6) in support of its claims to bring this action.

Finally, the Court notes there are no identifiable prejudice or delays that Defendant would suffer with extending Plaintiff's time to serve the summons and complaint. Defendant filed an answer, counterclaims, and interrogatories within 120 days of Plaintiff's commencement of the action and filing of the affidavit of service upon Defendant (*see* NYSCEF Doc. #28) followed by the motion to dismiss on November 3, 2021 (*see* NYSCEF Doc. #32). Plaintiff promptly opposed Defendant's motion on November 24, 2021 (*see* NYSCEF Doc. #42) and simultaneously filed its motion to extend the time to serve Defendant (*see* NYSCEF Doc. #40). Thus, the Defendant would not be prejudiced due to a delay in service (*see Chan*, 157 AD3d at 852; *HSBC Bank USA, N.A. v Tarek Oqlah,* 163 A.D.3d 928 [2d Dept 2018]).

Besides, Defendant's attorney has caused delays in requesting and receiving an extension of time, for several months, to oppose Plaintiff's motion and thereafter submitting unauthorized opposition papers two months after mot. seq. # 1 and # 2 were marked fully submitted. Defendant's attorney stipulated to adjourn the matter from August 11, 2022, to September 6, 2022, needing more time to oppose Plaintiff's mot. seq. #2 (*see* NYSCEF Doc. #56) and in breach of his own stipulation, Defendant's attorney did not oppose the motion until January 22, 2023 (*see* NYSCEF Doc. #62) nearly two months after the mot. seq. 1 & 2 were marked fully submitted on November 30, 2022. This Court takes judicial notice that Plaintiff rejected Defendant's late opposition papers (*see* NYSCEF Doc. #s 63-64) observing Defendant's attorney failed to seek the requisite leave of Court to serve and file late opposition papers with complete disregard of his mandate under CPLR § 5015, to motion the Court for consideration to accept Defendant's late opposition and provide a

6

[* 6]

reasonable excuse and potentially meritorious opposition for failure to timely oppose Plaintiff's motion. Thus, Defendant's opposition papers are not considered herein.

In addition to adhering to established precedence in favor of extending Plaintiff's time to serve pursuant to CPLR 306-b, this Court notes this action is in its early stages and the statute of limitations has not expired. Should the action be dismissed due to the Plaintiff's failure to serve, CPLR § 306-b, the dismissal would be without prejudice, allowing Plaintiff to reserve the Summons and Complaint before the statute of limitations expires.

Based on well-established law and an examination of the parties' facts and submissions, Plaintiff has satisfied the "interest of justice" standard for an extension of time to serve Defendant the summons and complaint, pursuant to CPLR § 306-b. The record demonstrates: the action was timely commenced and Plaintiff promptly served the summons and complaint upon Defendant- albeit improper, Defendant had actual notice of the action within weeks of service of the summons and complaint, Plaintiff has established a potentially meritorious claim, Plaintiff has been diligent and swift in moving the action forward, Plaintiff filed its motion to extend its time to serve within four months of Defendant serving its motion to dismiss, the statute of limitations has not expired, Defendant's attorney has caused delays and Defendant would not be prejudiced by deeming the completion of service timely, *nunc pro tunc* (*see U.S. Bank N.A. v. Bindra, 217 A.D.3d 719* [2d Dept 2023]; Chandler v Osadln, Inc., 181 A.D.3d 897 [2d Dept 2020]; *Thompson v City of NY*, 89 AD3d 1011, 1012 [2d Dept 2011]).

Thus, this Court finds that Plaintiff has established its entitlement to a *nunc pro tunc* extension of time to serve Defendant in "the interest of justice".

Accordingly,

Defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a)(8) is denied as academic (*see Hall v L&A Operational, LLC*, 228 AD3d 846, 848 [2d Dept 2024]).

ORDERED,

7

[* 7]

Plaintiff's time to effectuate service of process of the summons and complaint upon Defendant is extended with service of process effectuated pursuant to CPLR 308(4) deemed timely, *nunc pro tunc*, and it is further

ORDERED,

That Plaintiff shall enter this Order within 15 business days of its date and Serve Notice of Entry upon the parties forthwith.

IT is further ORDERED,

That the Plaintiff shall contact the FORECLOSURE SETTLEMENT PART within 30 days after entry of this Order to schedule a mandated conference pursuant to CPLR 3408.

The foregoing constitutes the Decision and Order of this Court.

**E N T E R,**

**Dated**: October 8, 2024

_____
**Hon. Cenceria P. Edwards, JSC, CPA**

8

[* 8]