■ ROBERT M. MORGENTHAU, Appellant, v FERNANDO RODRIGUEZ, Respondent. [690 NYS2d 201] —Order, Supreme Court, New York County (Louis York, J.), entered April 23, 1996, which denied plaintiff's motion for a default judgment and dismissed plaintiff's action, pursuant to CPLR article 13-A, seeking forfeiture, as the proceeds of a crime, of $4,228 in cash seized from defendant, unanimously reversed, on the law, without costs, the motion granted, and the Clerk directed to enter judgment accordingly upon plaintiff's compliance with CPLR 3215 (e).

In executing a search warrant for Apartment 8 in a residential building at 116 Avenue C in Manhattan, the police were attempting to enter the apartment through a fortified door when they heard a toilet inside flushing repeatedly. Upon entry, they observed defendant exiting the bathroom and found a trail of pink glassine envelopes containing cocaine leading from defendant's bedroom to the bathroom. In the apartment, the police recovered drug records and various drug paraphernalia, including a spoon, a strainer and a plate, all containing cocaine residue. In addition, in the bedroom they found $4,057 in small denominations under defendant's mattress and an additional $171 in defendant's wallet.

Defendant was subsequently indicted for criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. On October 3, 1995, defendant was personally served with a Summons With Notice seeking civil forfeiture of the $4,228 in cash recovered by the police from him and his apartment. On January 30, 1996, defendant was convicted, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentenced to six months in jail followed by 4½ years of probation. Upon defendant's conviction, the statutory stay of the civil forfeiture proceeding under CPLR 1311 (1) (a)

automatically expired and defendant's time to appear in this action began to run.

On March 5, 1996, the District Attorney moved for a default judgment on the ground that defendant had failed to appear or raise objection to the Summons With Notice in a timely manner. It is undisputed that defendant did not respond or file any cross-motion. Civil Term denied the motion and *sua sponte* dismissed the complaint, concluding that "nothing in the moving affidavit ties the conviction for drug possession to the money found in the defendant's apartment". The court further directed the District Attorney to release the vouchered money to the defendant. Such ruling was erroneous. Should a court determine that a plaintiff's affidavit in support of its motion for a default judgment is somehow inadequate and the relief unwarranted, the court's proper remedy is merely to deny the default judgment (*Kahn v Friedlander*, 90 AD2d 868, 869). Where, as here, a plaintiff seeks a default judgment in an action brought under CPLR article 13-A for civil forfeiture of a sum certain, a court has "no authority to appoint counsel *sua sponte* or to entertain a motion to dismiss the complaint" (*Himelein v Frank*, 155 AD2d 964, 965).

Upon the District Attorney's motion for reargument, defendant appeared and opposed, asserting that the monies recovered by the police were the proceeds of the sale of the furniture and fixtures of a social club he had operated but which had been closed when the building was condemned as unsafe. Defendant also asserted that he had never been a narcotics dealer. By order entered September 19, 1996, the court denied the District Attorney's motion to reargue.

Upon review of the District Attorney's affidavit in support of his motion for a default judgment and the statutory presumption contained in CPLR 1311 (3) (d) (ii), the court erred in concluding that "nothing in the moving affidavit ties the conviction for drug possession to the money found in the defendant's apartment". Defendant's arguments that the court was not obligated to apply such rebuttable presumption and that its decision was based on its determination not to apply this presumption are without merit.

Because the court provided no analysis in support of its conclusion, we cannot determine how it was reached. Application of the statutory presumption, however, establishes the requisite proof that the monies recovered were the forfeitable proceeds of the defendant's felony drug activity and, thus, the District Attorney is entitled to a default judgment against defendant.

CPLR 1311 (3) (d) (ii) provides, in pertinent part, that, in a forfeiture action, when a defendant is charged and convicted of a "pre-conviction forfeiture crime" there is a "rebuttable" drug proceeds presumption which "shall apply" to "all currency" that is "found in close proximity" to narcotics unlawfully possessed by the defendant "in a room, other than a public place, under circumstances evincing an intent to unlawfully mix, compound, distribute, package or otherwise prepare [it] for sale".

Here, the District Attorney's uncontroverted allegations in support of his motion for a default judgment established that the cocaine possessed by defendant in his bedroom was found in close proximity to the currency found under his mattress. The fact that defendant was in the process of removing the drugs from the bedroom to dispose of them does not alter the reasonable conclusion that the drugs were in his room, which is obviously not a public place. Defendant's apartment also contained various paraphernalia typically used for preparing drugs for sale. These items, together with the drug records recovered, clearly evince "an intent to unlawfully mix, compound, distribute, package or otherwise prepare for sale". Finally, the $4,228 consisted mostly of bills in small denominations, further evidence that such monies were the proceeds of numerous drug sales.

Relying upon CPLR 1311 (3) (e), defendant further argues that the drug proceeds presumption in CPLR 1311 (3) (d) (ii) is merely a trial presumption and cannot be considered on a motion for a default judgment. Again, defendant is incorrect. CPLR 1311 (3) (e) merely reiterates that the presumption in CPLR 1311 (3) (d) (ii) is rebuttable and that it may "be rebutted by credible and reliable evidence which tends to show that such currency or negotiable instrument payable to the bearer is not the proceeds of a preconviction forfeiture crime". The subdivision further provides that, "[i]n an action tried before a jury, the jury shall be so instructed". Contrary to defendant's interpretation, CPLR 1311 (3) (e) does not render the drug proceeds presumption of CPLR 1311 (3) (d) (ii) solely a trial presumption. Rather, it merely provides that where a forfeiture action is tried before a jury, the jury, unschooled in the law, must be instructed that the presumption is rebuttable. Nothing in this provision, which states that the rebuttable presumption "shall" apply, restricts its applicability to trial.

Finally, defendant's untimely and undocumented factual assertions, made only after the court had erroneously denied the District Attorney's motion for a default judgment, do not

require a different result. Given the uncontroverted facts leading to defendant's arrest and plea to felony drug possession, his unsupported assertions that he never sold drugs and that the monies represented proceeds from the sale of furnishings from a now-defunct, unidentified, possibly illegal business are neither credible nor reliable and are insufficient to defeat the drug proceeds presumption (CPLR 1311 [3] [d], [e]), which, when applied to the undisputed facts of defendant's arrest and the currency seizure, more than justifies the conclusion that the monies were forfeitable drug proceeds. Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.