Wynkoop v 622A President St. Owners Corp. (2019 NY Slip Op 01450)





Wynkoop v 622A President St. Owners Corp.


2019 NY Slip Op 01450


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2015-07025
2015-12653
 (Index No. 507156/13)

[*1]Brett Wynkoop, et al., respondents-appellants,
v
622A President Street Owners Corp., respondent, Kyle Taylor, et al., appellants-respondents.


Mandel Bhandari, LLP, New York, NY (Rishi Bhandari and Donald Conklin of counsel), for appellants-respondents.
Antony Hilton, New York, NY, for respondents-appellants.
D. Bunji Fromartz, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, and for injunctive relief, (1) the plaintiffs appeal from an order of the Supreme Court, Kings County (David I. Schmidt, J.), dated November 7, 2014, and (2), the defendants Kyle Taylor, Hilary Taylor, and Rajeev Subramanyam appeal, and the plaintiffs cross-appeal, from an order of the same court dated April 13, 2015. The order dated November 7, 2014, insofar as appealed from, denied those branches of the plaintiffs' motion which were pursuant to CPLR 3211(a) to dismiss the counterclaims asserted by the defendants Kyle Taylor, Hilary Taylor, and Rajeev Subramanyam and, in effect, to confirm a shareholders' election held on May 16, 2014, and granted the motion of those defendants for preliminary injunctive relief to the extent of declaring invalid the shareholders' election held on May 16, 2014, and directing that a new special shareholders' meeting be held and supervised by a referee. The order dated April 13, 2015, insofar as cross-appealed from by the plaintiffs, upon reargument, adhered to so much of the determination in the order dated November 7, 2014, as denied those branches of the plaintiffs' motion which were to dismiss the counterclaims asserted by the defendants Kyle Taylor, Hilary Taylor, and Rajeev Subramanyam and, in effect, to confirm the shareholders' election held on May 16, 2014, and modified that order by directing the plaintiffs to "immediately add one of the defendants . . . as a co-signatory on the existing 622A President Street Owners Corp. corporate bank account" and to refund to the defendant Rajeev Subramanyam funds that the plaintiffs caused to be withdrawn from that defendant's bank account, and denied the plaintiffs' motion for leave to enter a default judgment against the defendant 622A President Street Owners Corp.
ORDERED that the plaintiffs' appeal from the order dated November 7, 2014, is dismissed, as that order was superseded by the order dated April 13, 2015, made upon reargument; and it is further,
ORDERED that the appeal by the defendants Kyle Taylor, Hilary Taylor, and Rajeev Subramanyam from the order dated April 13, 2015, is dismissed as abandoned, without costs or [*2]disbursements; and it is further,
ORDERED that the order dated April 13, 2015, is affirmed insofar as cross-appealed from by the plaintiffs; and it is further,
ORDERED that one bill of costs is awarded to the defendants Kyle Taylor, Hilary Taylor, and Rajeev Subramanyam.
The plaintiffs and the defendants Kyle Taylor and Rajeev Subramanyam are the only shareholders in the defendant 622A President Street Owners Corp. (hereinafter the corporation). The defendant Hilary Taylor is married to Kyle Taylor. The plaintiffs commenced this action against the individual defendants and the corporation, inter alia, to recover damages for breach of contract and breach of fiduciary duty.
We agree with the Supreme Court's determination to deny that branch of the plaintiffs' motion which was, in effect, to confirm a shareholders' meeting held on May 16, 2014, to elect a board of directors for the corporation. The meeting was held after the parties entered into an on-the-record stipulation in an earlier action in which they agreed that all four shareholders were to serve as directors. Further, the bylaws of the corporation provide that a board member may be removed only upon a vote of a majority of the directors or shareholders. Here, it is undisputed that a majority of the directors or shareholders did not vote for the removal of any director. Under these circumstances, we agree with the court's determination that the purported elections were not valid (see Business Corporation Law § 706[b]). We also agree with the court's determination to direct a new special shareholders' meeting be held and supervised by a referee (see Business Corporation Law § 619; Ronnen v Ajax Elec. Motor Corp., 88 NY2d 582, 591).
We agree with the Supreme Court's determination to direct the return of funds to Subramanyam, finding that the plaintiffs lacked the authority to have caused those funds to be withdrawn from Subramanyam's bank account (see Modern Telecom. v Dalessandro, 185 AD2d 218). In addition, in light of the parties' stipulation that all four shareholders were to serve as directors, we also agree with the court's determination to direct the plaintiffs to add one of the individual defendants as a cosignatory to the corporate bank account (see generally Modern Telecom. v Dalessandro, 185 AD2d 218).
On a motion to dismiss a complaint or counterclaims pursuant to CPLR 3211(a)(7), the court must accept all facts as alleged in the pleading to be true, accord the pleader the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Sokol v Leader, 74 AD3d 1180, 1181-1182). In considering a motion to dismiss a complaint or counterclaims pursuant to CPLR 3211(a)(1) based on documentary evidence, dismissal is warranted "only where the documentary evidence utterly refutes [the] factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Sabre Real Estate Group, LLC v Ghazvini, 140 AD3d 724). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) . . . the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the counterclaims stated viable causes of action to recover damages for breach of contract, and the counterclaims were not conclusively refuted by any documentary evidence (see Tri-Star Light. Corp. v Goldstein, 151 AD3d 1102, 1105; Tiffany at Westbury Condominium v Marelli Dev. Corp., 40 AD3d 1073, 1075-1076). The counterclaims also stated viable causes of action alleging breach of fiduciary duty relating to, inter alia, alleged misappropriation of corporate funds (see Stinner v Epstein, 162 AD3d 819, 821; cf. Kleinerman v 245 E. 87 Tenants Corp., 105 AD3d 492, 493). Accordingly, we agree with the Supreme Court's denial of that branch of the plaintiffs' motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the counterclaims [*3]asserted by the individual defendants.
We agree with the Supreme Court's denial of the plaintiffs' motion for leave to enter a default judgment against the corporation, as the plaintiffs did not establish proper service of the complaint upon the corporation (see CPLR 3215[f]; Cordero v Barreiro-Cordero, 129 AD3d 899, 900; Todd v Green, 122 AD3d 831, 831-832). Moreover, where the allegations of a complaint or affidavit of facts fail to establish a prima facie case, "the applicant is not entitled to the requested relief, even on default" (Matter of Dyno v Rose, 260 AD2d 694, 698; see Morgenthau v Rodriguez, 261 AD2d 165, 166). At bar, the plaintiffs failed to support their motion with an adequate factual affidavit (see Morgenthau v Rodriguez, 261 AD2d at 166).
The parties' remaining contentions are without merit.
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court