HORSEMAN ANTIQUES, INC., Respondent, v DOUGLAS L. HUCH et al., Appellants. [856 NYS2d 663]—

In an action to recover for damage to property, the defendants appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated June 21, 2007, which granted the plaintiff's motion, in effect, to substitute the personal representative of the estate of Petre Ionita as a party defendant, and to amend the caption and restore the case to the active calendar.

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion is denied.

The plaintiff commenced this action to recover for damages to property allegedly caused by the negligent operation of a motor vehicle owned by the defendants' decedent Petre Ionita and

operated by the defendant Douglas L. Huch. Shortly after the commencement of the action, Petre Ionita died. A personal representative of the estate of Petre Ionita, Luliana Ionita Renevillis, was appointed by a Probate Court of the State of Georgia, Dawson County. The plaintiff sought to substitute the nondomiciliary personal representative as a party defendant in place of the decedent.

" 'A motion for substitution pursuant to CPLR 1021 is the method by which the court acquires jurisdiction' over the deceased party's personal representative, and such a motion 'is not a mere technicality' " (*Singer v Riskin,* 32 AD3d 839, 840 [2006] [citation omitted]). To obtain jurisdiction over the personal representative, he or she must be served in accordance with CPLR article 3 (*see GMAC Mtge. Corp. v Tuck,* 299 AD2d 315 [2002]; *Macomber v Cipollina,* 226 AD2d 435 [1996]). In the instant case, the only attempt at service upon the personal representative was by mail. The attempted service did not satisfy the requirements of CPLR 312-a (*see Hilaire v Dennison,* 24 AD3d 1152 [2005]; *Dominguez v Stimpson Mfg. Corp.,* 207 AD2d 375 [1994]). In the absence of proper service, no personal jurisdiction was acquired over the personal representative, and therefore she could not be substituted as a party defendant. Lifson, J.P., Florio, Angiolillo and Chambers, JJ., concur.