■ DELVILLE BENNETT, Appellant, v WILLIAM ACOSTA, Respondent. [890 NYS2d 330]—

The pro se plaintiff failed to establish that he complied with a legally-prescribed method of service authorized by the CPLR in attempting to acquire personal jurisdiction over the defendant. The plaintiff submitted his own sworn affidavit of service, which showed that his first attempt at service was by regular mail. The plaintiff failed to establish that his first attempt to serve the defendant satisfied the requirements of CPLR 312-a (see Horseman Antiques, Inc. v Huch, 50 AD3d 963, 964 [2008]; Dominguez v Stimpson Mfg. Corp., 207 AD2d 375 [1994]).

The plaintiff submitted evidence that his second attempt at service was by certified mail, return receipt requested. This proof was insufficient to establish that his second attempt satisfied the requirements of CPLR 312-a since there was no proof that the summons and complaint were sent to the defendant, by first-class mail, together with, inter alia, two copies of a statement of service by mail and acknowledgment of receipt, and that the signed acknowledgment of receipt was mailed or delivered to the plaintiff (see CPLR 312-a [a], [b]). Accordingly,

the Supreme Court properly denied the plaintiff's motion for leave to enter a default judgment on the issue of liability and directed the dismissal of the complaint for lack of personal jurisdiction (*see Dominguez v Stimpson Mfg. Corp.*, 207 AD2d at 375; *Matter of Shenko Elec. v Hartnett*, 161 AD2d 1212, 1213 [1990]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.