■ AMIT KLEIN, Appellant, v EDUCATIONAL LOAN SERVICING, LLC, et al., Respondents. [897 NYS2d 220]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered July 3, 2008, which denied his motion pursuant to CPLR 3215 for leave to enter a judgment upon the defendants' default in appearing or answering the complaint, granted that branch of the defendants' cross motion which was to dismiss the complaint against the individual defendants pursuant to CPLR 3211 (a) (8) on the ground of lack of personal jurisdiction under CPLR 301, and sua sponte dismissed the complaint against the corporate defendants on that ground. The appeal brings up for review so much of an order of the same court entered December 24, 2008, as denied that branch of the plaintiff's motion which was for leave to renew (*see* CPLR 5517 [b]).

Ordered that the order entered July 3, 2008, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered December 24, 2008, is affirmed insofar as reviewed, without costs or disbursements.

After the plaintiff moved pursuant to CPLR 3215 for leave to enter a judgment upon the defendants' default in appearing or answering the complaint, the defendants cross-moved, inter alia, to dismiss the complaint against the individual defendants pursuant to CPLR 3211 (a) (8) on the ground of lack of proper service of the summons and complaint and on the ground that the individual defendants were not subject to personal jurisdic-

tion under CPLR 301 or 302. In an order entered July 3, 2008, the Supreme Court denied the plaintiff's motion and granted that branch of the defendant's cross motion which was to dismiss the complaint on the ground of lack of personal jurisdiction over the individual defendants under CPLR 301. The Supreme Court also dismissed the complaint against the corporate defendants on that ground, although that argument was not advanced by the defendants. Thereafter, in an order entered December 24, 2008, the Supreme Court denied the plaintiff's motion, inter alia, for leave to renew. We affirm, but for a different reason.

Here, the defendants did not seek dismissal of the complaint insofar as asserted against the corporate defendants on the ground of lack of jurisdiction under either CPLR 301 or 302. Rather, the defendants contended that the complaint should be dismissed insofar as asserted against the corporate defendants based on improper service of process. By failing to contend that there was no jurisdiction under either CPLR 301 or 302 over the corporate defendants in their cross motion, the defendants waived their challenge to whether the corporate defendants were subject to personal jurisdiction (*see Wiesener v Avis Rent-A-Car*, 182 AD2d 372, 373 [1992]; *Hatch v Tu Thi Tran*, 170 AD2d 649, 650 [1991]; *Boswell v Jiminy Peak*, 94 AD2d 782, 783 [1983]).

Nevertheless, the plaintiff's motion for leave to enter a default judgment should have been denied and the complaint dismissed as against all defendants since the plaintiff failed to present proof of valid service of the summons and complaint as required by CPLR 312-a (a) and (b). The plaintiff submitted evidence that he served the defendants by certified mail, return receipt requested. However, he presented no evidence that copies of the summons and complaint were sent to the defendants, by first-class mail, together with, inter alia, two copies of a statement of service by mail and acknowledgment of receipt, and that the signed acknowledgment of receipts were mailed or delivered to the plaintiff (*see* CPLR 312-a [a], [b]). In the absence of proper service, no personal jurisdiction was acquired over the defendants (*see Bennett v Acosta*, 68 AD3d 910 [2009]; *Horseman Antiques, Inc. v Huch*, 50 AD3d 963, 964 [2008]; *Dominguez v Stimpson Mfg. Corp.*, 207 AD2d 375 [1994]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.