OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff mailed to defendant insurer, pursuant to CPLR 312-a, a copy of the summons and verified complaint, dated February 13, 2004. The record contains no signed acknowledgment of receipt, as is required by CPLR 312-a. On March 24, 2004, defendant served a verified answer, in which it asserted the affirmative defense of lack of personal jurisdiction as service of process had not been “perfected.”
There was no further activity in the case until February 13, 2009, when plaintiff purchased an index number and, for the first time, filed with the Civil Court the 2004 summons and complaint, along with defendant’s 2004 answer. There is no proof of service upon defendant of the summons and complaint following the 2009 Civil Court filing (see CCA 411). On November 30, 2009, plaintiff mailed a notice of trial and certificate of readiness to defense counsel, and filed it with the Civil Court on December 1, 2009.
By notice of motion dated April 23, 2010, defendant moved for, among other things, leave to amend its answer to interpose the affirmative defense that the action had not been commenced within the time prescribed by law and that it was therefore barred by the statute of limitations, and, upon such amendment, for summary judgment dismissing the complaint. Plaintiff appeals from so much of an order of the Civil Court entered July 29, 2010 as implicitly granted the branch of defendant’s motion seeking leave to amend the answer and, upon such amendment, dismissed the complaint. The court held that plaintiffs action had not been properly commenced within the period of the statute of limitations because defendant had not executed an acknowledgment of receipt, and, therefore, service had not been properly effectuated in accordance with the provisions of CPLR 312-a.
On appeal, plaintiff contends that the action was properly commenced “upon service of the summons and complaint.” Al *79 though plaintiff admits that defendant did not return the acknowledgment of receipt required by CPLR 312-a, plaintiff claims that by serving its answer on March 24, 2004, defendant made an appearance in the action, which is “equivalent to personal service of the summons” (CPLR 320 [b]), and then waived its defense of improper service by failing to move to dismiss the complaint on this ground within 60 days of service of its answer, as required by CPLR 3211 (e). Plaintiff further argues that any “mistake, omission, defect or irregularity . . . in the filing process” may be disregarded (CPLR 2001).
CPLR 312-a, as an alternative to the other methods of personal service authorized by CPLR 307, 308, 310, 311 or 312, permits personal service to be made by first class mail, by mailing a copy of the summons and complaint, together with two copies of a statement of service by mail and acknowledgment of receipt, with a return envelope, postage prepaid, addressed to the plaintiff (CPLR 312-a [a]). The defendant must complete the acknowledgment of receipt and mail or deliver it within 30 days from the date of receipt. Under CPLR 312-a, service is complete on the date the signed acknowledgment of receipt is mailed or delivered to the plaintiff (but cf. CCA former 410 [b]). The signed acknowledgment of receipt constitutes proof of service (CPLR 312-a [b] [1]; 306 [d]).
In 2004, when plaintiff sought to serve defendant pursuant to CPLR 312-a, the “commencement-by-service” system was still in effect in the Civil Court, i.e., an action in the Civil Court was commenced by service of the summons (CCA former 400). Service of the summons was complete upon filing proof of service (CCA former 410 [b]), or, in the case of service pursuant to CPLR 312-a, by filing the acknowledgment of receipt, which constitutes proof of service (CPLR 312-a [b] [1]; 306 [d]). The filing of the acknowledgment of receipt has the effect of establishing the completion of service for purposes of initiating the time in which a defendant must respond (see Deepdale Gen. Hosp. v American Colonial Ins. Co., 144 Misc 2d 917 [App Term, 2d Dept, 9th & 10th Jud Dists 1989]), but here there was no acknowledgment of receipt, thus, none was filed and, technically, no action had been commenced by virtue of plaintiffs actions (see Nagy v Heuss House Drop In Shelter for the Homeless, 198 AD2d 115 [1993]). Consequently, defendant’s time to answer did not commence to run. As has been noted, plaintiff, until early 2009, attempted no other means of service (CPLR 312-a [e]) nor otherwise took any further measures.
*80 Although no action had been commenced and, thus, defendant’s time to answer had not yet commenced, on March 24, 2004, defendant nevertheless served plaintiff with an answer, in which it asserted, as an affirmative defense, lack of personal jurisdiction. Thus, having preserved its jurisdictional defense, the answer could not be deemed the “equivalent to personal service of the summons upon” defendant (CPLR 320 [b]). The question remains, however, whether, under the circumstances presented, defendant was required, pursuant to CPLR 3211 (e), to move to dismiss the “action” on that ground within 60 days of serving its answer, or risk waiver of that defense. Defendant failed to make such a motion. However, as there was no viable pending action, defendant cannot be deemed to have waived its defense of lack of personal jurisdiction by failing to make a motion to dismiss this “action.” Therefore, since plaintiff had never served the summons and complaint, the action was never commenced in 2004.
In February 2009 (after the commencement-by-filing system had gone into effect in 2005 in the New York City Civil Court), plaintiff purchased an index number and filed the 2004 summons and complaint, as well as defendant’s 2004 answer, in the Civil Court. In December 2009, plaintiff served and filed its notice of trial and certificate of readiness. Since, under the current version of CCA 400 (1), “[a]n action is commenced ... by filing a summons and complaint,” plaintiff clearly commenced its action in 2009. Plaintiff did not, however, serve upon defendant a copy of the summons and complaint, and, therefore, plaintiff did not acquire personal jurisdiction over defendant under the new system (see CCA 400 [2]). Since there was no service, there could be no filing of proof of service (CCA 410 [b]), which filing would mark the date when service was complete and from which defendant’s time to answer would commence to run. The fact that plaintiff filed defendant’s 2004 answer with the summons and complaint did not mean that it had acquired jurisdiction over defendant, and did not represent proof of service.
Thereafter, defendant successfully moved to amend its 2004 answer to add the affirmative defense that the action was barred by the statute of limitations and, upon such amendment, to dismiss on that ground. Even if we assume that defendant thereby waived its defense based on lack of personal jurisdiction (see e.g. CPLR 3211 [e]), there was merit to defendant’s statute of limitations defense.
*81 The time within which an action must be commenced is computed “from the time the cause of action accrued to the time the claim is interposed” (CPLR 203 [a]). A defendant asserting a statute of limitations defense must establish that the plaintiff commenced the action after the expiration of the statute of limitations. A no-fault cause of action accrues when payment of no-fault benefits becomes “overdue” (see Insurance Law § 5106 [a]; see also Matter of Travelers Indent. Co. of Conn. v Glenwood Med., P.C., 48 AD3d 319, 320 [2008]; Mandarino v Travelers Prop. Cas. Ins. Co., 37 AD3d 775 [2007]; Acupuncture Works, P.C. v MVAIC, 27 Misc 3d 131[A], 2010 NY Slip Op 50646[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). For statute of limitations purposes, plaintiffs claim accrued on January 14, 2003, the date that defendant issued and mailed its denial of claim form. Since the six-year statute of limitations applies to the claim involved herein (CPLR 213 [2]; see Mandarino v Travelers Prop. Cas. Ins. Co., 37 AD3d 775 [2007]), in order for plaintiffs action to be timely, it had to have been commenced by January 14, 2009. As we view the action as having first been commenced on February 13, 2009, when plaintiff purchased the index number and filed with the Civil Court the 2004 summons and complaint along with defendant’s answer, the action is, necessarily, time-barred.
Accordingly, the order, insofar as appealed from, is affirmed.
Weston, J.P., Pesce and Rios, JJ., concur.