OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the notice of appeal from an order of the same court dated November 6, 2013 is deemed a premature notice of appeal from the amended order entered December 12, 2013 (see CPLR 5520 [c]); and it is further ordered that the amended order is reversed, with $30 costs, and defendant’s motion seeking, in effect, summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff mailed a copy of the summons and complaint to defendant in 2004, pursuant to CPLR 312-a. The record does not contain the signed acknowledgment of receipt required by CPLR 312-a. Nevertheless, in May 2004, defendant served a verified answer, in which it asserted, among other affirmative defenses, lack of personal jurisdiction, as defendant had not been “properly served with process,” and plaintiff’s failure to properly obtain an index number. In 2010, plaintiff purchased an index number and, for the first time, filed with the Civil Court the 2004 summons and complaint along with defendant’s 2004 answer. There is no proof of service upon defendant of the summons and complaint following the 2010 Civil Court filing (see CCA 411). Plaintiff thereafter served a notice of trial and certificate of readiness on defense counsel, and filed it in the Civil Court in 2011.
By notice of motion dated February 21, 2011, defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) on the ground of lack of personal jurisdiction, or, in the alternative, to vacate the notice of trial. In opposition, plaintiff argued that defendant had waived its jurisdictional defense since defendant had failed to move to dismiss the complaint within 60 days of its service of the answer in 2004, in accordance with CPLR 3211 (e). By order dated November 6, 2013, the Civil *61 Court denied defendant’s motion to dismiss the complaint, finding that, although plaintiff had not properly served process, defendant had failed to timely challenge the defective service (41 Misc 3d 1226[A], 2013 NY Slip Op 51842[U] [Civ Ct, Richmond County 2013]).
Since defendant’s motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) was made after it had served its responsive pleading, the motion was untimely (see CPLR 3211 [e]). However, the record indicates that the parties charted a summary judgment course (see Mihlovan v Grozavu, 72 NY2d 506 [1988]) and, thus, we apply the standard applicable to motions for summary judgment (see Fuentes v Aluskewicz, 25 AD3d 727 [2006]).
Furthermore, we note that the facts of this case, with respect to the issue of whether jurisdiction was acquired over defendant, are similar to the facts in New York Med. Rehab., P.C. v Travelers Ins. Co. (40 Misc 3d 76 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), and our holding herein is in accordance with the decision therein.
“CPLR 312-a, as an alternative to the other methods of personal service authorized by CPLR 307, 308, 310, 311 or 312, permits personal service to be made by first class mail, by mailing a copy of the summons and complaint, together with two copies of a statement of service by mail and acknowledgment of receipt, with a return envelope, postage prepaid, addressed to the plaintiff (CPLR 312-a [a]). The defendant must complete the acknowledgment of receipt and mail or deliver it within 30 days from the date of receipt. Under CPLR 312-a, service is complete on the date the signed acknowledgment of receipt is mailed or delivered to the plaintiff (but cf. CCA former 410 [b]). The signed acknowledgment of receipt constitutes proof of service (CPLR 312-a [b] [1]; 306 [d])” (New York Med. Rehab., P.C., 40 Misc 3d at 79).
In 2004, when plaintiff sought to serve defendant pursuant to CPLR 312-a,
“an action in the Civil Court was commenced by service of the summons (CCA former 400). Service of the summons was complete upon filing proof of service (CCA former 410 [b]), or, in the case of service pursuant to CPLR 312-a, by filing the acknowledgment of receipt, which constitutes proof of ser *62 vice (CPLR 312-a [b] [1]; 306 [d])” (New York Med. Rehab., P.C., 40 Misc 3d at 79).
The record in the present case reveals that an acknowledgment of receipt was never signed by defendant and returned to plaintiff. Consequently, plaintiff was required to effect personal service in another manner (see CPLR 312-a [e]; Dominguez v Stimpson Mfg. Corp., 207 AD2d 375 [1994]). Since plaintiff did not attempt another manner of service, the purported service pursuant to CPLR 312-a failed to acquire personal jurisdiction over defendant (see Klein v Educational Loan Servicing, LLC, 71 AD3d 957 [2010]; Dominguez, 207 AD2d at 375; Gateway Med., P.C. v Progressive Ins. Co., 30 Misc 3d 144[A], 2011 NY Slip Op 50336[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), and, thus, the action was never commenced in 2004 (see CCA former 400).
“Although no action had been commenced and, thus, defendant’s time to answer had not yet commenced, [in May] 2004, defendant nevertheless served plaintiff with an answer, in which it asserted, as an affirmative defense, lack of personal jurisdiction. Thus, having preserved its jurisdictional defense, the answer could not be deemed the ‘equivalent to personal service of the summons upon’ defendant (CPLR 320 [b])” (New York Med. Rehab., P.C., 40 Misc 3d at 80).
Contrary to plaintiff’s contention, “as there was no viable pending action, defendant cannot be deemed to have waived its defense of lack of personal jurisdiction by failing to make a motion to dismiss this ‘action’ ” (id.) within 60 days of the service of its answer, in accordance with CPLR 3211 (e).
In 2010, after the commencement-by-filing system had gone into effect in the New York City Civil Court, plaintiff purchased an index number and filed the 2004 summons and complaint, as well as defendant’s 2004 answer. The record supports defendant’s contention that it was never served with pleadings bearing the 2010 index number (see CCA 410), and, thus, that personal jurisdiction was not acquired over it under the current system (see CCA 400 [2]; New York Med. Rehab., P.C., 40 Misc 3d at 80).
As the Civil Court lacks jurisdiction over defendant, the amended order is reversed and defendant’s motion seeking, in effect, summary judgment dismissing the complaint is granted.
In view of some of the remarks contained in the amended order, we take this opportunity to remind the Judge that, as one commentator has noted:
*63 “Judges may face a dilemma in trying to write opinions that are figurative, quotable, humorous, or unique. While they may want to forsake the wooden form of judicial opinion writing (issue, facts, law, application, conclusion), they must, in some way, maintain the dignity and integrity that, at least in part, gives the judiciary its legitimacy” (Adalberto Jordan, Imagery, Humor, and the Judicial Opinion, 41 U Miami L Rev 693, 695 n 11 [1987]).
Pesce, P.J., Solomon and Elliot, JJ., concur.