RICHARD (RICARDO) CORDERO, Appellant, v VIVIANA BARREIRO-CORDERO et al., Defendants. [10 NYS3d 454]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Sweeney, J.), dated March 11, 2013, which denied his unopposed motion, inter alia, for leave to enter a judgment against the defendants upon their failure to appear or answer the complaint, and (2) an order of the same court dated August 16, 2013, which denied his motion for leave to reargue his motion, inter alia, for leave to enter a judgment against the defendants upon their failure to appear or answer the complaint.

Ordered that the appeal from the order dated August 16, 2013, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 11, 2013, is affirmed, without costs or disbursements.

The Supreme Court properly denied the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint. The plaintiff failed to present any evidence that the acknowledgment of receipt forms provided for in CPLR 312-a (d) were completed and mailed or delivered to him (*see* CPLR 312-a [b]; *Castillo v JFK Medport, Inc.*, 116 AD3d 899, 900 [2014]; *Klein v Educational Loan Servicing, LLC*, 71 AD3d 957, 958 [2010]; *Dominguez v Stimpson Mfg. Corp.*, 207 AD2d 375 [1994]). Adequate proof that a defendant was properly served with process is a prerequisite to the entry of a default judgment against that defendant (*see* CPLR 3215 [f]; *Todd v Green*, 122 AD3d 831, 831-832 [2014]). Contrary to the plaintiff's contention, a letter written by the defendants' attorney was insufficient to establish that the plaintiff effected service of process upon the defendants in accordance with the requirements of CPLR 312-a.

The plaintiff's remaining contentions are either not properly before this Court or without merit. Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.