Active Care Medical Supply Corp., as Assignee of Peterson, Terrance, Respondent,
against
Kemper Insurance Company, Appellant.




Goldberg Miller & Rubin (Harlan R. Schreiber of counsel), for appellant.
The Rybak Firm, PLLC (Karina Barska of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered October 31, 2017. The judgment, entered pursuant to an order of that court entered August 2, 2017 granting plaintiff's motion for the entry of a default judgment and denying defendant's cross motion to dismiss the action, awarded plaintiff the principal sum of $1,511.04.




ORDERED that, on the court's own motion, the notice of appeal from the order dated August 2, 2017 is deemed a premature notice of appeal from the judgment entered October 31, 2017 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, with $30 costs, the order dated August 2, 2017 is vacated, plaintiff's motion for the entry of a default judgment is denied, defendant's cross motion to dismiss the action is granted, and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the action without prejudice.
In this action by a provider to recover assigned first-party no-fault benefits, the affidavit of service alleges that the summons and complaint were served by mail pursuant to CPLR 312-a. In support of plaintiff's motion for the entry of a default judgment, its counsel stated that [*2]defendant's time to answer had expired. However, plaintiff's papers do not contain an acknowledgment of service. Defendant cross-moved to dismiss the action on the ground that plaintiff had failed to serve a summons and complaint within 120 days of the commencement of the action (see CCA 411). By order entered August 2, 2017, the Civil Court granted plaintiff's motion and denied defendant's cross motion. Defendant appeals from the order. A judgment was subsequently entered on October 31, 2017 awarding plaintiff the principal sum of $1,511.04. We deem defendant's notice of appeal from the order to be a premature notice of appeal from the judgment (see CPLR 5520 [c]).
Proof that a defendant was properly served with process is a prerequisite to the entry of a default judgment against that defendant (see CPLR 3215 [f]; Cordero v Barreiro-Cordero, 129 AD3d 899 [2015]). "Service of the summons [is] complete . . . in the case of service pursuant to CPLR 312-a, by filing the acknowledgment of receipt, which constitutes proof of service (CPLR 312-a [b] [1]; 306 [d])" (Richard A. Hellander, M.D., P.C. v Metlife Auto & Home Ins. Co., 48 Misc 3d 59, 61-62 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015] [internal quotation marks omitted]). Here, the record fails to demonstrate that an acknowledgment of receipt was subscribed and affirmed as true under penalty of perjury by defendant (see CPLR 312-a [c]) and returned to plaintiff. Since plaintiff did not attempt another manner of service, plaintiff failed to acquire personal jurisdiction over defendant (see CPLR 312-a [e]; Klein v Educational Loan Servicing, LLC, 71 AD3d 957 [2010]; Dominguez v Stimpson Mfg. Corp.,207 AD2d 375 [1994]; Gateway Med., P.C. v Progressive Ins. Co., 30 Misc 3d 144[A], 2011 NY Slip Op 50336[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), and defendant's cross motion to dismiss the action is granted (see CCA 411).
Accordingly, the judgment is reversed, the order entered August 2, 2017 is vacated, plaintiff's motion for the entry of a default judgment is denied, defendant's cross motion to dismiss the action is granted, and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the action without prejudice.
SIEGAL, J.P., PESCE and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019