Domny Medical Services, P.C., as Assignee of Garcia, Lionel, Respondent,
against
First Acceptance Insurance Company, Inc., Appellant. 




Galvano & Xanthakis, P.C. (Steven F. Granville of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P. Edwards, J.), entered March 14, 2018. The order, insofar as appealed from, denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8), or for alternative relief.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) is granted.
Plaintiff commenced this action to recover assigned first-party no-fault benefits by mailing a copy of the summons and complaint to the out-of-state defendant insurance company pursuant to CPLR 312-a. Insofar as is relevant to this appeal, defendant moved, pre-answer, to dismiss the complaint pursuant to, among other things, CPLR 3211 (a) (8), on the ground that the Civil Court lacked personal jurisdiction over defendant. By order entered March 14, 2018, the Civil Court, among other things, denied defendant's motion.
Upon a review of the record, we find that defendant made a prima facie showing that personal jurisdiction had not been obtained over it. In order to successfully oppose a pre-answer motion to dismiss a complaint pursuant to CPLR 3211 (a) (8), a plaintiff "need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the . . . Court" (Cornely v Dynamic HVAC Supply, LLC, 44 AD3d 986, 986 [2007]; see also Hopstein v Cohen, [*2]143 AD3d 859, 860 [2016]; EMC Health Prods., Inc. v Maryland Auto. Ins. Fund, 64 Misc 3d 146[A], 2019 NY Slip Op 51316[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Pavlova v American Ind. Ins. Co., 60 Misc 3d 128[A], 2018 NY Slip Op 50943[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Here, plaintiff failed to show that its service of process pursuant to CPLR 312-a was properly effectuated, since it did not provide a signed acknowledgment of receipt. Pursuant to CPLR 312-a, service is complete only on the date the signed acknowledgment of receipt is mailed or delivered to the plaintiff (see CPLR 312-a [b] [1]; 306 [d]; Active Care Med. Supply Corp. v Kemper Ins. Co., 63 Misc 3d 163[A], 2019 NY Slip Op 50923[U],*2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Richard A. Hellander, M.D., P.C. v Metlife Auto & Home Ins. Co., 48 Misc 3d 59, 60 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). We note that, even if service of process had been properly effectuated pursuant to CPLR 312-a, the affirmation of plaintiff's attorney was insufficient to demonstrate that personal jurisdiction had been acquired over defendant under the long-arm statute of the Civil Court (see CCA 404 [a]). 
We pass on no other issue.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) is granted.
PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019