Great Health Care Chiropractic, P.C., as Assignee of Overa, Lora, Respondent, 
against
State Farm Mutual Automobile Ins. Co., Appellant. 

Freiberg, Peck & Kang, LLP (Yilo Kang of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Sharon Bourne-Clarke, J.), entered September 21, 2018. The judgment, entered pursuant to an order of that court entered August 13, 2018 granting plaintiff's motion for the entry of a default judgment and denying defendant's cross motion, for, in effect, summary judgment dismissing the complaint, awarded plaintiff the principal sum of $2,190.34.
ORDERED that, on the court's own motion, the notice of appeal from the order dated August 13, 2018 is deemed a premature notice of appeal from the judgment entered September 21, 2018 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, with $30 costs, the order entered August 13, 2018 is vacated, plaintiff's motion for the entry of a default judgment is denied, defendant's cross motion for, in effect, summary judgment dismissing the complaint is granted, and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint without prejudice.
In this action by a provider to recover assigned first-party no-fault benefits, the affidavit of service alleges that the summons and complaint were served by mail pursuant to CPLR 312-a. In support of plaintiff's motion for a default judgment, its counsel stated that defendant's time to answer had expired. However, plaintiff's papers do not contain an acknowledgment of service. Defendant cross-moved for, in effect, summary judgment dismissing the complaint on the ground that plaintiff had failed to serve a summons and complaint within 120 days of the commencement of the action (see CCA 411). By order entered August 13, 2018, the Civil Court granted plaintiff's motion and denied defendant's cross motion. A judgment was subsequently entered on September 21, 2018 awarding plaintiff the principal sum of $2,190.34. We deem [*2]defendant's notice of appeal from the order to be a premature notice of appeal from the judgment (see CPLR 5520 [c]).
"Proof that a defendant was properly served with process is a prerequisite to the entry of a default judgment against that defendant (see CPLR 3215 [f]; Cordero v Barreiro-Cordero, 129 AD3d 899 [2015]). 'Service of the summons [is] complete . . . in the case of service pursuant to CPLR 312-a, by filing the acknowledgment of receipt, which constitutes proof of service (CPLR 312-a [b] [1]; 306 [d])' " (Active Care Med. Supply Corp. v Kemper Ins. Co., 63 Misc 3d 163[A], 2019 NY Slip Op 50923[U], *2[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019], quoting Richard A. Hellander, M.D., P.C. v Metlife Auto & Home Ins. Co., 48 Misc 3d 59, 61-62 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Here, the record fails to demonstrate that a signed acknowledgment of receipt was returned to plaintiff (see CPLR 312-a [d]). As a result, plaintiff failed to acquire personal jurisdiction over defendant (see CPLR 312-a [b]; Krasa v Dial 7 Car & Limousine Serv., Inc., 147 AD3d 744, 745 [2017]; Castillo v JFK Medport, Inc.,116 AD3d 899, 900 [2014]; Klein v Educational Loan Servicing, LLC,71 AD3d 957, 958 [2010]; Bennett v Acosta, 68 AD3d 910, 911 [2009]; Horseman Antiques, Inc. v Huch,50 AD3d 963, 964 [2008]). Consequently, defendant's cross motion should have been granted.
Accordingly, the judgment is reversed, the order entered August 13, 2018 is vacated, plaintiff's motion for the entry of a default judgment is denied, defendant's cross motion for, in effect, summary judgment dismissing the complaint is granted, and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint without prejudice.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 12, 2020