Right Aid Med. Supply Corp. v State Farm Mut. Auto. Ins. Co. (2020 NY Slip Op
51120(U))

[*1]

Right Aid Med. Supply Corp. v State Farm Mut. Auto. Ins.
Co.

2020 NY Slip Op 51120(U) [69 Misc 3d 127(A)]

Decided on September 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2019-686 K C

Right Aid Medical Supply Corp., as
Assignee of Hayeles, Herman, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent.

The Rybak Firm, PLLC (Oleg Rybak and Karina Barska of counsel), for appellant.
Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P.
Edwards, J.), entered March 15, 2019. The order, insofar as appealed from as limited by the brief,
granted defendant's motion to dismiss the complaint.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, the affidavit of
service alleges that the summons and complaint were served by mail pursuant to CPLR 312-a.
However, plaintiff's papers do not contain an acknowledgment of service. Defendant moved to
dismiss the complaint on the ground that plaintiff had failed to obtain personal jurisdiction over
it. Plaintiff cross-moved for summary judgment. In an order entered March 15, 2019, insofar as
appealed from as limited by the brief, the Civil Court granted defendant's motion.
Initially, it is noted that defendant's motion to dismiss the complaint pursuant to CPLR 3211
(a) was made after issue had been joined. Generally, such a motion must be made "before service
of the responsive pleading is required" (CPLR 3211 [a]), although "[w]hether or not issue has
been joined, the court, after adequate notice to the parties, may treat the motion as a motion for
summary judgment" (CPLR 3211 [c]). Here, no such notice appears in the record; however,
plaintiff does not raise the untimeliness of defendant's motion, and, in any event, the specific
issue raised regarding the lack of personal jurisdiction is purely a legal one, and notice is
therefore not required (see generally Mihlovan v Grozavu, 72 NY2d 506, 508 [1988];
Four Seasons Hotels v Vinnik, 127 AD2d 310, 320 [1987]; Renelique v State-Wide Ins. Co., 50
Misc 3d 137[A], 2016 NY Slip Op 50095[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2016]).
When service of the summons in a Civil Court action is other than by personal delivery,
service is complete upon the filing of proof of service (see CCA 410 [b]), and, with
respect to a purported service by mailing pursuant to CPLR 312-a, proof of service involves an
[*2]acknowledgment of receipt of the summons and complaint, as
provided for in CPLR 312-a (see CPLR 306 [d]; see generally Domny Med. Servs., P.C. v First Acceptance Ins. Co. Inc.,
66 Misc 3d 129[A], 2019 NY Slip Op 52048[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2019]; Active Care Med.
Supply Corp. v Kemper Ins. Co., 63 Misc 3d 163[A], 2019 NY Slip Op 50923[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Richard A. Hellander, M.D., P.C. v Metlife Auto & Home Ins. Co.,
48 Misc 3d 59, 61-62 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Here, the
record fails to demonstrate that a signed acknowledgment of receipt was returned to plaintiff
(see CPLR 312-a [d]), or that service was otherwise completed within 120 days of the
filing of the summons and complaint (see CCA 411). Thus, plaintiff failed to acquire
personal jurisdiction over defendant (see CPLR 312-a [b]; Krasa v Dial 7 Car & Limousine Serv.,
Inc., 147 AD3d 744, 745 [2017]; Castillo v JFK Medport. Inc., 116 AD3d 899, 900 [2014]; Klein v Educational Loan Servicing,
LLC, 71 AD3d 957, 958 [2010]; Bennett v Acosta, 68 AD3d 910, 911 [2009]; Horseman Antiques, Inc. v Huch, 50
AD3d 963, 964 [2008]). 
We note that we do not consider any materials which are dehors the record on appeal (see
Chimarios v Duhl, 152 AD2d 508 [1989]), nor do we consider any arguments that are raised
for the first time on appeal (see Joe v
Upper Room Ministries, Inc., 88 AD3d 963 [2011]).
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 11, 2020