Longevity Med. Supply, Inc. v American Ind. Ins. Co. (2020 NY Slip Op
51118(U))

[*1]

Longevity Med. Supply, Inc. v American Ind. Ins. Co.

2020 NY Slip Op 51118(U) [69 Misc 3d 127(A)]

Decided on September 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2018-2007 K C and 2018-2562 K C (Lower Court # 732746/17)

Longevity Medical Supply, Inc., as
Assignee of Young, Flora, Respondent, 
against
American Independent Ins. Co., American Independent Insurance
Companies, Inc., and Good2go Auto Insurance, Defendants, and Omni Indemnity Company,
Appellant. 
 Longevity Medical Supply, Inc., as Assignee of Young, Flora, Respondent, 
 against American Independent Ins. Co., American Independent
Insurance Companies, Inc., and Good2go Auto Insurance, Appellants, Omni Indemnity
Company, Defendant. 

Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellants and defendants.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeals from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered September 18, 2018. The order, insofar as appealed from by defendant
Omni Indemnity Company and insofar as separately appealed from by defendants American
Independent Ins. Co., American Independent Insurance Companies, Inc., and Good2go Auto
Insurance, denied defendants' motion to dismiss the complaint.

ORDERED that, on the court's own motion, the appeals are consolidated for the purposes of
disposition; and it is further,
ORDERED that the order, insofar as appealed from, is reversed, with $30 costs on each
appeal, and defendants' motion to dismiss the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, the affidavit of
service alleges that the summons and complaint were served by mail pursuant to CPLR 312-a.
However, plaintiff's papers do not contain an acknowledgment of service. Defendants moved to
dismiss the complaint on the ground that plaintiff had failed to obtain personal jurisdiction over
them. Plaintiff cross-moved for summary judgment. In an order entered September 18, 2018,
insofar as appealed from, the Civil Court denied defendants' motion.
When service of the summons in the Civil Court is other than by personal delivery, service is
complete upon the filing of proof of service (see CCA 410 [b]), and, with respect to a
purported service by mailing pursuant to CPLR 312-a, proof of service involves an
acknowledgment of receipt of the summons and complaint as provided for in CPLR 312-a
(see [*2]CPLR 306 [d]; see generally Domny Med. Servs., P.C. v
First Acceptance Ins. Co. Inc., 66 Misc 3d 129[A], 2019 NY Slip Op 52048[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Active Care Med. Supply Corp. v Kemper Ins. Co., 63 Misc 3d
163[A], 2019 NY Slip Op 50923[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; Richard A. Hellander, M.D., P.C.
v Metlife Auto & Home Ins. Co., 48 Misc 3d 59, 61-62 [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2015]). Here, the record fails to demonstrate that a signed
acknowledgment of receipt was returned to plaintiff (see CPLR 312-a [d]), or that service
was otherwise completed within 120 days of the filing of the summons and complaint
(see CCA 411). Thus, plaintiff failed to acquire personal jurisdiction over defendants
(see CPLR 312-a [b]; Krasa v
Dial 7 Car & Limousine Serv., Inc., 147 AD3d 744, 745 [2017]; Castillo v JFK Medport. Inc., 116
AD3d 899, 900 [2014]; Klein v
Educational Loan Servicing, LLC, 71 AD3d 957, 958 [2010]; Bennett v Acosta, 68 AD3d 910,
911 [2009]; Horseman Antiques, Inc. v
Huch, 50 AD3d 963, 964 [2008]).
Accordingly, the order, insofar as appealed from, is reversed and defendants' motion to
dismiss the complaint is granted.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 11, 2020