Belfor USA Group, Inc. v Peek (2020 NY Slip Op 51124(U))

[*1]

Belfor USA Group, Inc. v Peek

2020 NY Slip Op 51124(U) [69 Misc 3d 127(A)]

Decided on October 1, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 1, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, J.P., BRUCE E. TOLBERT, ELIZABETH H.
EMERSON, JJ

2017-1610 OR C

Belfor USA Group, Inc., Doing Business as
Belfor Property Restoration, Respondent, 
against
Duane Peek, Appellant, Betsy Weingart, Defendant.

Duane Peek, appellant pro se.
Robinowitz Cohlan Dubow & Doherty, LLP (Bruce Minkoff of counsel), for respondent.

Appeal from a judgment of the City Court of Middletown, Orange County (Robert F. Moson,
J.), entered January 13, 2017. The judgment, insofar as appealed from, after a nonjury trial,
awarded plaintiff the principal sum of $5,000 as against defendant Duane Peek.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
At a nonjury trial in this commercial claims action seeking $5,000 for services rendered,
plaintiff presented evidence that it had entered into a contract with defendants to perform
emergency restoration services as a result of water damage sustained in defendants' home.
Plaintiff submitted the contract and a certificate of satisfaction, both of which contained a
provision stating that, should the homeowner receive payment directly from an insurance
company, the homeowner shall immediately pay it to the contractor. Plaintiff provided
defendants with an invoice listing the work plaintiff had performed, including setting up,
monitoring and taking down equipment, technician labor costs for extraction and the air drying
services, and for removal of boxes of defendants' comic books to plaintiff's facility to dry them
out. After receiving defendants' credit card payment of approximately $7,000, plaintiff returned
the comic books to defendants. Defendants then reversed the charges on their credit card.
Defendants testified that plaintiff did not do all the work described in the invoice and,
specifically, failed to restore the comic books to defendants' satisfaction. Defendants admitted
that they had subsequently received $5,000 from their insurance company as a result of the water
damage to defendants' home. Following the nonjury trial, the City Court awarded plaintiff the
principal sum of $5,000 as against both defendants. Only defendant Peek appeals.
In a commercial claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and principles of
[*2]substantive law" (UCCA 1807-A [a]; see UCCA
1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d
125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial
deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of
the witnesses affords it a better perspective from which to assess their credibility (see Vizzari
v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510
[1991]). The deference normally accorded to the credibility determinations of a trial court applies
with greater force in the Commercial Claims Part of the court, given the limited scope of review
(see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that the City Court's determination in favor of plaintiff
as against defendant Peek rendered substantial justice between the parties in accordance with the
rules and principles of substantive law (UCCA 1804-A, 1807-A [a]).
Accordingly, the judgment, insofar as appealed from, is affirmed.
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 1, 2020