Daily Med. Equip. Distrib. Ctr., Inc. v American Ind. Ins. Co. (2021 NY Slip Op
50639(U))

[*1]

Daily Med. Equip. Distrib. Ctr., Inc. v American Ind. Ins. Co.

2021 NY Slip Op 50639(U) [72 Misc 3d 131(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-341 K C

Daily Medical Equipment Distribution
Center, Inc., as Assignee of Balderrna, David, Respondent,
against
American Independent Ins. Co., Appellant.

Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered January 8, 2019. The order granted plaintiff's motion for the entry of a
default judgment.

ORDERED that the order is reversed, with $30 costs, and plaintiff's motion for the entry of a
default judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court which granted plaintiff's motion for the entry of a
default judgment.
The summons and complaint in this action were served by certified mail, return receipt
requested, pursuant to CPLR 312-a. "Under CPLR 312-a, service is complete on the date the
signed acknowledgment of receipt is mailed or delivered to the plaintiff. The signed
acknowledgment of receipt constitutes proof of service" (New York Med. Rehab., P.C. v Travelers Ins. Co., 40 Misc 3d 76,
79 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013] [citation omitted]). Plaintiff's
papers did not contain an acknowledgment of service as required by CPLR 312-a, and plaintiff
did not demonstrate that service was otherwise completed within 120 days of the filing of the
summons and complaint in 2015 (see CCA 411). As plaintiff failed to establish that it
had acquired personal jurisdiction over defendant (see CPLR 312-a [b]; Klein v Educational Loan Servicing,
LLC, 71 AD3d 957, 958 [2010]; Great Health Care Chiropractic, [*2]P.C. v
State Farm Mut. Auto. Ins. Co., 67 Misc 3d 142[A], 2020 NY Slip Op 50735[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]), plaintiff's motion should have been
denied.
Accordingly, the order is reversed and plaintiff's motion for the entry of a default judgment is
denied.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021