Hayden v Brown (2024 NY Slip Op 04251)

Hayden v Brown

2024 NY Slip Op 04251

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2022-05931
 (Index No. 10701/04)

[*1]Dayzsha Hayden, etc., appellant, 
v
Ernestine Brown, defendant.

Arnold E. DiJoseph, P.C, New York, NY (Arnold E. DiJoseph III of counsel), for appellant.
A. Smith Law Group, LLP, New York, NY (Andrea J. Smith of counsel), former attorney for Ernestine Brown.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated July 6, 2022. The order granted the motion purportedly made on behalf of the deceased defendant, Ernestine Brown, pursuant to CPLR 1021 and 3126 to dismiss the complaint and denied the plaintiff's cross-motion, inter alia, in effect, to substitute the executor of the estate of Ernestine Brown in place of Ernestine Brown in this action and to amend the caption accordingly.
ORDERED that the appeal from so much of the order as granted the motion purportedly made on behalf of the deceased defendant, Ernestine Brown, is dismissed, without costs or disbursements, and that portion of the order is vacated; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
The plaintiff, by her mother and natural guardian, commenced this action in 2004. The plaintiff alleged that she sustained personal injuries caused by exposure to lead in 1997 and 1998 while residing at premises owned by the defendant, Ernestine Brown (hereinafter the decedent). The record shows that the decedent died in February 2009 and that an executor of her estate was appointed in November 2009.
In May 2022, the attorney who had represented the decedent prior to her death moved, purportedly on the decedent's behalf, pursuant to CPLR 1021 and 3126 to dismiss the complaint for the plaintiff's failure to comply with a prior order directing the plaintiff, inter alia, to move to substitute a representative of the decedent's estate as the defendant within 90 days. The plaintiff cross-moved, among other things, in effect, to substitute the executor of the decedent's estate as the defendant and to amend the caption accordingly. By order dated July 6, 2022, the Supreme Court granted the motion and denied the cross-motion. The plaintiff appeals.
"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015(a). Moreover, any determination rendered without such substitution will generally be deemed a nullity" (Vapnersh v Tabak, 131 [*2]AD3d 472, 473 [citations and internal quotation marks omitted]; see Vicari v Kleinwaks, 157 AD3d 975, 976). The determination of a motion pursuant to CPLR 1021 made by the successors or representatives of a party or by any party is an exception to a court's lack of jurisdiction (see Vicari v Kleinwaks, 157 AD3d at 977; Vapnersh v Tabak, 131 AD3d at 474).
Here, the motion to dismiss was made by the decedent's former attorney, purportedly on behalf of the decedent. However, "[t]he death of a party terminates his or her attorney's authority to act on behalf of the deceased party" (Vicari v Kleinwaks, 157 AD3d at 976; see Meehan v Washington, 242 AD2d 286, 287). Since the decedent's former attorney lacked the authority to act, the Supreme Court lacked jurisdiction to consider the motion to dismiss (see Vicari v Kleinwaks, 157 AD3d at 977; Vapnersh v Tabak, 131 AD3d at 474). Accordingly, so much of the order as granted the motion purportedly made on behalf of the decedent is a nullity (see Vicari v Kleinwaks, 157 AD3d at 977; Meehan v Washington, 242 AD2d at 287).
Nonetheless, the Supreme Court properly denied the plaintiff's cross-motion, inter alia, in effect, to substitute the executor of the decedent's estate as the defendant and to amend the caption accordingly, as that motion was not served upon the executor. "'A motion for substitution pursuant to CPLR 1021 is the method by which the court acquires jurisdiction' over the deceased party's personal representative, and such a motion 'is not a mere technicality'" (Singer v Riskin, 32 AD3d 839, 840 [citation omitted]; see Horseman Antiques, Inc. v Huch, 50 AD3d 963, 964). "To obtain jurisdiction over the personal representative, he or she must be served in accordance with CPLR article 3" (Horseman Antiques, Inc. v Huch, 50 AD3d at 964). Here, although notice was provided to the decedent's former attorney, this was insufficient to obtain jurisdiction over the executor of the decedent's estate, and therefore, the executor could not be substituted as the defendant (see id.; Gonzalez v Ford Motor Co., 295 AD2d 474, 475).
We need not reach the parties' remaining contentions in light of our determination.
CONNOLLY, J.P., BRATHWAITE NELSON, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court